## COMMONWEALTH *vs.* IVORY M. BLOOD.

There is no presumption that a court of record in another state has jurisdiction to grant a divorce in a case where no service of process upon the libellee appears by the record to have been made.

On the trial of an indictment of I. B. for adultery: *Held*, that for the purpose of proving that he was divorced in the state of C. from M. B., his wife, who never was in that state, a certificate of the clerk of a court of record in the state of C., that the following is a "record of true judgment and decree of divorce," viz: "In judgment-book B, May 24, 1856, a judgment for a decree of divorce is recorded, dissolving the bonds of matrimony between I. B. of the state of C. and M. B. of the state of D.," is inadmissible in evidence.

INDICTMENT for adultery. At the trial in the superior court, before *Morton*, J., the defendant admitted that he was formerly married to one Mary Warner who was still living at Hartford in Connecticut and had never been to California; and also his act of cohabitation with another woman at Fall River, since the date of his marriage to Mary Warner and during the time charged in the indictment.

The government rested its case on these admissions; and the

defendant, for the purpose of proving that in California he had obtained a divorce from Mary Warner, offered in evidence a document purporting to be a certificate, dated July 22, 1867, signed by William Loery, " county clerk of the city and county of San Francisco and *ex officio* clerk of the district court of the fourth judicial district of the State of California," and sealed with the seal of that court, that the following was a " record of true judgment and decree of divorce as entered in judgment-book B " in said court, in the cause of " Ivory M. Blood, plaintiff, *v.* Mary Blood, defendant, No. ," viz : " In judgment-book B, 24th day of May, A. D. 1856, a judgment for a decree of divorce is recorded dissolving the bonds of matrimony between Ivory M. Blood of San Francisco, State of California, and Mary Blood of Hartford, State of Connecticut ; " to all which was annexed another paper purporting to be a certificate, of the same date, by E. D. Sawyer, " sole judge of the district court of the fourth judicial district of the State of California, in and for the county of San Francisco," " that said court is a court of record, having a clerk and seal," " that William Loery is the duly elected and qualified county clerk of the city and county of San Francisco, and was at the time of signing the annexed attestation *ex officio* clerk of said district court," " that said signature is his genuine handwriting," and " that said attestation is in due form of law."

The judge ruled that this document was inadmissible in evidence. The jury returned a verdict of guilty, and the defendant alleged exceptions.

No counsel appeared for the defendant.

*C. Allen,* Attorney-General, for the Commonwealth. The defendant relied solely on an alleged divorce which it was incumbent on him to prove. *Commonwealth v. Boyer,* 7 Allen, 306. By the Gen. Sts. *c.* 107, § 55, " a divorce decreed in any other state or country, according to the laws thereof, by a court having jurisdiction of the cause and both the parties, shall be valid and effectual in this state." The paper offered in evidence was not a record of a judgment but merely a certificate of the county clerk referring to some other record. There is nothing to

show that in 1856 the county clerk was clerk of any court; and this certificate sets out none of the facts necessary to constitute a judgment, but only that a judgment " is recorded " somewhere. That record should be produced. Under no laxity of practice or usage of comity, can such a document be received as a good record of judicial proceedings. *Knapp* v. *Abell,* 10 Allen, 485, and cases there cited. *McGrath* v. *Seagrave,* 2 Allen, 444. Besides : the party setting up such a judgment must show affirmatively that the court had jurisdiction of both parties. *Barringer* v. *King,* 5 Gray, 11. The document shows affirmatively that the defendant's wife was " of Hartford, Connecticut; " and the facts in proof show that she never was in California. Therefore no notice could legally be given to her which would bind her to appear before the California court; and there is no presumption that she voluntarily submitted herself by attorney to that jurisdiction. A presumption may exist in favor of the jurisdiction of a court of record of another state, which has assumed to exercise jurisdiction over a subject matter in controversy between parties residing there. *Buffum* v. *Stimpson,* 5 Allen, 591. But there is no such presumption in favor of the jurisdiction of such a court over parties not there residing. An *ex parte* divorce, granted in a state never visited by the respondent, and without notice or special appearance, is invalid. *Lyon* v. *Lyon,* 2 Gray, 367. *Brett* v. *Brett,* 5 Met. 233. *Borden* v. *Fitch,* 15 Johns. 121.

BY THE COURT. The paper offered as a record was not admissible. There was no proof that the court in California had jurisdiction of the cause and the parties. Although a court of record, its jurisdiction over the subject of divorce is a special authority not recognized by the common law, and its proceedings in relation to it stand on the same footing with those of courts of limited and inferior jurisdiction ; so that its powers in the case must be shown and appear to have been strictly pursued. *Exceptions overruled.*