HENRY E. PRENTISS *vs.* FRANCIS E. PARKS *et als.*

Penobscot, 1873.—May 3, 1876.

*Judgment. Trial.*

To sustain an action of debt or assumpsit against the subsequent owners or occupants of a mill dam for the arrearages of annual compensation under R. S., c. 92, § 15, the plaintiff must show himself the party entitled to such annual compensation by a record of a valid judgment upon his complaint for flowage of the same lands, on which judgment such annual compensation was awarded.

The proceedings upon such complaint are not, as a whole, according to the course of the common law, and jurisdiction will not be presumed although they are had in a court of general jurisdiction.

If the record of such judgment shows no notice to, nor appearance by, the respondent therein named prior to the issuing of the warrant to the commissioners, the defect is fatal to the maintenance of a suit under § 15; and it is not cured by the fact that the commissioners gave due notice of the hearing before them, and the further fact that part of the defendants in such latter suit appeared before the commissioners, and afterwards in court, to object to the acceptance of the report, and to make an unavailing motion to have the default originally entered taken off.

The recital in the warrant to the commissioners that there was due notice to the respondents does not amount to proof that such notice was given.

ON REPORT.

ASSUMPSIT, on account annexed to the writ which is dated November 1, 1872, containing nine items for flowing land in Danforth for nine years, from A. D. 1863, to A. D. 1871, both inclusive, at $75 a year with another item for costs of court in complaint for flowage $72.17, in all $747.17. There were other special counts founded on the same matter.

If upon the evidence offered and legally admissible, the action could be maintained, it was to stand for trial ; otherwise judgment to be for the defendants. The facts sufficient to raise the legal points decided appear in the opinion.

*J. F. Godfrey*, for the plaintiff.

*D. D. Stewart*, for the defendants.

BARROWS, J. This is an action of assumpsit against the three defendants, Parks, Dresser and Dodge, to recover damages and

costs of court allowed to the plaintiff in a complaint for flowage of his land in Danforth, in the county of Washington, against George W. Butterfield, A. L. Butterfield and W. H. Decker.

A copy of the record of the judgment in *Prentiss*, complainant for flowage, v. *Butterfield et als.*, recovered at the October term of this court, in Washington county, A. D. 1871, was offered in evidence by the plaintiff, and is made part of the case subject to all legal objections by defendants. The case was hereupon reported to the law court with the stipulation that "if upon the evidence offered and legally admissible, this action can be maintained the case is to stand for trial, otherwise judgment to be entered for defendants."

Several objections to the maintenance of the action upon the evidence offered are suggested. If one is found fatal it is needless to look further. The record introduced shows that a complaint, by the plaintiff against Butterfield and others for the flowage of certain lands of his in Danforth by reason of a saw and grist-mill and dam erected on lot No. 3, in the 5th range upon and across the Baskahegan stream, by one Stinchfield, which came into the possession and ownership of said Butterfield and others in 1865, was entered at the April term, 1866, and thence continued till the October term, 1869, when notice to the respondents was ordered. The record does not show that this order was ever complied with; but the case was thereupon continued until the October term, 1870, when, the defendants not appearing, a default was entered and commissioners were appointed who, at the October term, 1871, made their report by which it appears that they gave notice to Parks and Dresser, two of these defendants, "as the present owners of said mill and dam," and to two of the original respondents, the third being absent from the state, and that Parks and Dresser appeared and were present during the examination, and were heard by the commissioners upon the questions before them, and that the commissioners thereupon made the report called for by the statute and their commission, and awarded the damages for the collection of which this suit is brought.

When the report was presented at the October term, 1871, the record further shows that two of these defendants, Parks and

Dresser appeared and objected to the acceptance of the report, and moved to have the default originally entered struck off, which motion after a full hearing was denied, and the report was accepted and judgment entered up thereon. The warrant to the commissioners, issued at the October term, 1870, recites, under a whereas, the pendency of the complaint for the flowing of lands, the names of the parties, and that "said respondents after due notice have not appeared and answered thereto but made default," and the consequent appointment of commissioners. The present defendants object that the record does not show such notice to the respondents in the original complaint for flowage as the statute regulating that proceeding requires, or, in fact, any notice to those respondents, or any appearance by them.

The counsel for the plaintiff claims that the questions here are whether the absence of the notice ordered by the court is fatal, and whether the appearance of Parks and Dresser, two of these defendants, before the commissioners and subsequently in court, to move to take off the default, and the proceedings thereon, cure the defect.

The plaintiff must recover, if at all, by bringing his case within the provisions of R. S., c. 92, § 15, which enables "a party entitled to such annual compensation" to "maintain an action of debt or assumpsit therefor against any person who owns or occupies the said mill . . . when the action is brought;" and to "recover" thereon "the whole sum due and unpaid, with costs;" and gives him "a lien, from the time of the institution of the original complaint, on the mill and mill-dam . . . for any sum due not more than three years before the commencement of the complaint."

The plaintiff, to show himself "entitled to such annual compensation," must show a valid judgment therefor obtained in his favor against the proper parties as respondents, under the provisions of chapter 92. The defendants here sustain no such relation to the judgment that as to them it must be deemed valid until reversed. They are neither parties nor privies to it; and since, by force of the provisions of § 15, they are liable to be unfavorably affected by it they are free to test its validity in this suit. *Downs* v. *Fuller*, 2 Metc., 135. *Carpenter & Cushman* v. *Spencer*, 2 Gray, 407.

But we are not called upon in this case to determine how far exact conformity to the course of proceeding marked out in chapter. 92, in cases of complaint for flowage is required in order to enable the complainant to avail himself of the remedy against subsequent purchasers or occupants given in § 15.

The general rule doubtless is that a remedy given by statute must be strictly pursued; and it is strongly argued in the present case, in support of some of the objections, that there should · be precise conformity in all the proceedings to the requirements of the statute, and that nothing short of this will entitle the party whose lands are flowed to the remedy given by § 15, even though he might have a judgment against the original respondents which would be valid as against them, and not liable to be reversed or quashed on error, or certiorari, at their instance.

But whether a general appearance of the respondent in the original complaint, and an imparlance, would or would not have the effect to cure an informal or defective service so as to enable the complainant to maintain a suit against the subsequent owner or occupant under § 15, we think it clear that unless the record shows either a regular service according to the statute or a waiver, by an appearance on the part of the original respondents or otherwise, the judgment cannot avail the plaintiff in a suit like this, nor show him "entitled to such annual compensation" within the meaning of § 15.

The proceedings, as a whole, are not according to the course of the common law. R. S., c. 92, § 8. *Vandusen* v. *Comstock*, 3 Mass., 184, 187. There is therefore no presumption of jurisdiction although they were had in a court of general jurisdiction; and every fact essential to the exercise of the special jurisdiction must appear upon the record. *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456. *Morse* v. *Presby*, 5 Foster, 302. *Galpin* v. *Page*, 18 Wall., 350, 367. *Commonwealth* v. *Blood*, 97 Mass., 538.

One of these essential facts is due notice to the respondent. The record offered here shows no notice to the respondents therein named nor any appearance by them, unless the recital, under a whereas, in the warrant to the commissioners that "said respondents after due notice have not appeared and answered thereto but made default," can be deemed record proof of notice.

We do not think the recital in that document can have such effect. The order for the appointment of commissioners is a species of interlocutory judgment, before the entry of which it should be made to appear that the respondents have had notice and an opportunity to be heard. This is expressly required by R. S., c. 92, §§ 6, 7, 8, 9. If the respondent has nothing to offer in defense he may still wish to be heard as to the appointment of commissioners.

It is not true, as contended by the plaintiff, that the respondents lost no rights by the default, because the proceeding was not finished, and they had an opportunity to be heard before the commissioners. They are entitled to the notice, and the record must show not only that it has been ordered, but that it has been served, or service waived, in order to make the proceeding valid as between the immediate parties to it.

The warrant to the commissioners is a process in pursuance of the interlocutory judgment. It cannot be used to supplement a record of such judgment that is defective in the matter of a jurisdictional fact like that of notice.

Nor can the abortive attempt of two of the present defendants to appear and have the default taken off in a proceeding to which they were not parties, nor even privies to the judgment that might be rendered therein, avail to cure the radical defect of a want of notice to the original respondents. They could not have their day in court in a suit to which they were not parties and by which they were not concluded. As the record shows no service of the original complaint for flowage upon the respondents therein named nor any appearance by them, it is not necessary to consider the other alleged defects in the proceedings.

Such a record cannot be regarded as affording a suitable basis for the maintenance of this suit. According to the stipulation in the report, the entry must be

*Judgment for the defendants.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.