## THE STATE ex rel. RICHARD B. STACK v. J. HUGO GRIMM, Judge.

### In Banc, January 27, 1912.

1. HABEAS CORPUS: Issued in Vacation: Writ to Be Signed by Judge. Under the statute (Sec. 2447, R. S. 1909) a writ of *habeas corpus* issued in vacation of court must be signed by the judge. It is not sufficient if signed by the clerk alone. Said statute is mandatory. A writ issued in vacation if not signed by the judge is void, and should be quashed upon motion.

2. ————: Divorce: Child: Award to Mother by Court of Another State: Pleading: No allegation of Jurisdiction. The jurisdiction of a court over divorce cases is purely statutory, and there is no presumption that a superior court of another State, which in a divorce suit awarded the custody of a child to its mother, had jurisdiction over the case; hence, where the mother, by her writ of *habeas corpus* issued in this State, undertakes to recover the child out of the possession of its father, basing her right thereto upon such decree, allegations in her petition for the writ that the said court granted her a decree of divorce from the child's father, and in said decree awarded to her the absolute control and custody of the child, and that she brought the child to Missouri and subsequently the child's father appeared and enticed, decoyed and kidnapped the child from her, with no allegations in her petition that the court which granted the decree had jurisdiction over the subject-matter and parties to the suit, or that the judgment was "duly given or made," as the statute (Sec. 1835, R. S. 1909) requires, are not sufficient to authorize the issuance of the writ; and if issued, it should be quashed on the motion of the husband, appearing for that purpose alone. A court of another state exercising jurisdiction in a divorce case is taken and held to be an inferior court of limited jurisdiction, unless there is an averment in appropriate language in the proper pleading that it had jurisdiction in such case.

3. ——: ——: ——: ——: Kidnapped by Father.
The father is the natural guardian of a minor child, and entitled
to its custody until awarded by a court having jurisdiction to
its mother or some other.  So that where the court of another
State, which granted a divorce to the mother and awarded to
her the custody and control of the child, had no jurisdiction to
render such a judgment or decree, it is not a crime or wrong
for the father to take the child from the mother and carry him
beyond the boundaries of the State.

### Prohibition.

PEREMPTORY WRIT AWARDED.

*Ryan & Thompson* and *Thos. B. Harvey* for rela-
tor.

(1) The allegations of the application for the writ
of habeas corpus were insufficient to confer jurisdic-
tion upon the court to issue said writ; for the reason
that it is not alleged that the court of the State of
Washington had jurisdiction to grant, or did duly
grant, a decree of divorce and award to the mother
the custody of the child which is alleged to be unlaw-
fully detained from her by this relator, its father.
The granting of a decree of divorce and the award
of custody of a child in said decree, being a matter
of statutory jurisdiction solely, and not being in ac-
cordance with the course of the common law, the ju-
risdiction of the court granting such decree will not be
presumed, and such court is regarded as one of lim-
ited or inferior jurisdiction in such causes.  2 Bishop,
Mar. Div. & Sep., sec. 1162.  But an attempt is made
in the application for the writ of habeas corpus to
allege that the father had been divested of said right
of custody and guardianship, and that the same was
invested in the petitioner in the *habeas corpus,* the
mother of said child.  Said attempt, however, wholly
failed to disclose a prima facie showing of her supe-
rior right; and the legal effect of said application is

the same as if the allegations were simply that she had the child in her custody, and that the father had taken it from her into his custody. (2) At common law the jurisdiction of divorce rested entirely with the ecclesiastical courts, and in the States of the Union the jurisdiction is, therefore, purely statutory. 2 Bishop, Mar., Div. & Sep., secs. 801 and 1185; 1 Bishop, Mar., Div. & Sep., sec. 128. Steele v. Steele, 35 Conn. 48; Hatfield v. Hatfield, 6 D. C. 80; McGee v. McGee, 10 Ga. 477; Robbins v. Robbins, 140 Mass. 528; Sparhawk v. Sparhawk, 116 Mass. 315; Higgins v. Sharp, 164 N. Y. 4; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Brinkley v. Brinkley, 50 N. Y. 184; Olin v. Hungerford, 10 Oh. 268; Northcut v. Lemery, 8 Ore 316; Cast v. Cast, 1 Utah, 112; Le Barron v. Le Barron, 35 Vt. 365. The power to grant a decree of divorce being a statutory and not a common-law power, no presumption of jurisdiction obtains in such a proceeding in any court of any State in the Union; and all courts in exercising jurisdiction in this class of cases are deemed courts of inferior or limited jurisdiction, and, in pleading the judgment of such court, it is absolutely necessary to aver its jurisdiction, or, in the language of our statute, section 1836, R. S. 1909, to allege that the judgment was "duly given or made." 1 Black on Judgments (2 Ed.), sec. 2; 1 Bailey on Juris., sec. 112; 2 Freeman on Judg., sec. 454; 11 Ency. Pl. & Pr. 1138; Hunt v. Dutcher, 13 How. Pr. 538; Harmon v. Comstock Horse, etc., 9 Mont. 243; Weaver v. English, 11 Mont. 84; Boyce v. Brown, 7 Barb. (N. Y.) 84; 2 Black on Judgments, sec. 875; Kelley v. Kelley, 161 Mass. 111; Hardin v. Hardin, 168 Ind. 352; Bailey v. Martin, 119 Ind. 103; American, etc., Life Ins. Co. v. Mason, 159 Ind. 15; Gates v. Newman, 18 Ind. App. 392; Ashley v. Laird, 14 Ind. 222, 77 Am. Dec. 67. State ex rel. v. Dobson, 135 Mo. 1, is conclusive upon the proposition that the application in the case at bar for the writ of *habeas corpus* was insufficient to confer juris-

diction on the circuit court of the city of St. Louis to issue said writ. (3) The alleged writ of *habeas corpus* was not signed by the official designated by the statute and was therefore nugatory and its service on the relator herein conferred no jurisdiction. Secs. 2442 and 2447, R. S. 1909; 32 Cyc. 440; Ex parte Bethurum, 66 Mo. 553. This requirement that the judge should sign was a departure from the general rule that the clerk should sign the writs instituting actions. Ex parte Joffee, 46 Mo. App. 365; Sutherland on Stat. Const., sec. 140; Wells v. Supervisors, 102 U. S. 635; Chandler v. Hann, 83 Ala. 390. "Where the writ is not signed by the officer issuing it, it is void." 1 Wade on Attachment, sec. 121; Hernandez v. Drake, 81 Ill. 34; King v. Thompson, 59 Ga. 380; Lindsay v. Kearney County, 56 Kan. 630; Smith & Co. v. Hackley, 44 Mo. App. 614; Hardin v. Lee, 51 Mo. 241; Hargadine v. Van Horn, 72 Mo. 370. The writ of *habeas corpus* is practically the same as the common-law writ *de homine replegiando* or writ of personal replevin. 3 Blackstone, Com. 129; Gurney v. Tufts, 37 Me. 130; State ex rel. v. Barnes, 17 Minn. 340. The method designated by the statute for issuing and serving process must be strictly followed. Smoot v. Judd, 161 Mo. 673; Gage v. Trust Co., 156 Fed. 1002; Westmeyer v. Gallenkamp, 154 Mo. 28; Miners Bank v. Kingston, 204 Mo. 700; 19 Ency. Pl. & Pr. 614. (4) The relator herein was immune from service of civil process upon him because, at the time of the service of the writ of *habeas corpus* upon him, he was in the city of St. Louis to answer to an indictment for felony and was actually on trial at the time under said indictment; and relator was not then, and had never been, a resident of the State of Missouri. In re Jewett, 69 Kan. 830; Barranger v. Baum, 103 Ga. 465; State v. Whitcher, 117 Wis. 668; Kurtz v. Moffitt, 115 U. S. 487; Ex parte Tom Tong, 108 U. S. 556; Ex parte Milligan, 2 Wall. 2; Holmes v.

Jennison, 14 Pet. 386; Kline v. Kline, 57 Ia. 386; State v. Newell, 13 Mont. 302; Byler v. Jones, 79 Mo. 261.

*R. P. & C. B. Williams* for respondent.

(1) It is insisted that the allegations in the petition for the writ of *habeas corpus* are insufficient to confer jurisdiction upon the court below, because the petition does not set out that the court of Washington had jurisdiction to grant the decree of divorce and the custody of the child to the petitioner in the court below. Many authorities are cited to establish the point that the jurisdiction of courts in divorce matters is entirely statutory. The power of a court to award custody of children is not dependent on statute. In re Morgan, 117 Mo. 254. In the first place we insist the judgment or decree of the Washington court is properly pleaded. Sec. 1836, R. S. 1909; Etz. v. Wheeler, 23 Mo. App. 449; State ex rel. v. Johnson, 78 Mo. App. 573. But aside from this, if the judgment of the Washington court is inartificially pleaded, this would not affect the jurisdiction of the subject-matter of the court below. There is no question but that the court below has jurisdiction of the subject-matter of this litigation. And if the pleadings are defective, or there is a defect in any allegation of the pleadings, any want of proper allegation or otherwise, it is a question that can be determined and should be determined by the court below. The relator herein did obtain judgment of the court below by filing a motion and plea which tested the sufficiency of the allegations of the petition, and all the other questions raised in the petition herein. We insist that where the petition for a writ of *habeas corpus* shows that the petitioner is properly entitled to the writ, that the sufficiency of the allegations of the petition cannot be inquired into after the writ has been issued, for the obvious reason that the answer of the relator to the return of the respondent may set

up any facts which would tend to show her right to the writ. Of course, if the petition itself showed upon its face that the granting of the writ would result in remanding the party to the custody of respondent, then the court would deny the writ, as was done in the case of Ex parte Roberts, 166 Mo. 207. This court held, in the case of Ex parte Brockman, that the relator could set up any facts in answer to the return additional to those set up in the petition which would justify the issuance of the writ, and such seems to be the holding of the courts generally. We insist that the court having issued the writ, the sufficiency of the petition cannot now be questioned in this case, and that the respondent is in contempt of the court as long as he declines to obey the writ issued by the court. Nebraska Children's Home v. State, 57 Neb. 765; Simmons v. Coal Co., 61 L. R. A. 736. (2) It is next insisted that the writ was void because it was not signed by the judge who ordered it issued. This claim is predicated upon R. S. 1909, sec. 2447. The words "out of court" used in this section of the statute mean away from the court; that is, separation of the judge from the clerk. The authority being lodged in the clerk generally to issue writs, the power given the judge here is to be exercised by him at his discretion, and to cover cases where he cannot immediately get in communication with the clerk. This is apparent when we consider the authority of the judge or the court in the issuance of a writ of *habeas corpus*. Secs. 2442 and 2444, R. S. 1909. If the statute meant that all writs issued in vacation should be signed by the judge himself, then instead of using the words "out of court" the Legislature would have used the same language where it authorizes the judge to issue the writ "in vacation." It is obvious that the Legislature did not intend that the judge should sign the writ himself if the clerk was convenient who could attach the seal of the court to the writ. People v. Sanitary

District, 56 N. E. 756; Custer County v. Yellowstone County, 9 Pac. 593. (3) It is next insisted that the service is invalid and did not give the court jurisdiction over the person of the relator herein, because at the time of the service he was in the city of St. Louis to answer an indictment for felony and was actually on trial at the time, under such indictment. This contention is without merit. Sec. 2454, R. S. 1909; Christian v. Williams, 111 Mo. 429; Baisley v. Baisley, 113 Mo. 544. The respondent in this case below, relator here, being in attendance upon the court for the purpose of answering a criminal charge, cannot invoke the rule because there is no public policy involved. Being compelled to be in the State for the purpose of attending his trial here, he had no option whether to remain away or to be in the State, and whatever may be said as to the rule where the party voluntarily comes into the State, under the authorities, it does not apply where he involuntarily comes into the State to defend himself against a criminal charge. Nitrograph Co. v. Scrugham, 197 N. Y. 377; Byler v. Jones, 22 Mo. App. 623; Williams v. Bacon, 10 Wend. 636; Commonwealth v. Daniel, 4 Clark (Pa.) 49; Moore v. Green, 73 N. C. 392; Adrience v. Legrone, 59 N. Y. 110; White v. Underwood, 125 N. C. 25.

WOODSON, J.—The relator applied to this court for a writ of prohibition, to prohibit J. H. Grimm, one of the judges of the circuit court of the city of St. Louis, from further proceeding with the hearing of a writ of *habeas corpus,* issued by him in vacation, commanding the relator to produce the body of his son, John King Stack, before him in chambers on the 31st day of March, 1911. A preliminary rule was issued, and in response thereto the respondent in due time filed his return.

Briefly, the material facts of the case are substantially as follows, as appear from the pleadings in the case, viz.:

Richard B. Stack, a resident of Michigan, and Orion Allen Burbank, on and prior to August 13, 1908, were husband and wife, and said John King Stack was their son.

On said 13th day of August, said Orion was divorced from Richard B. Stack, and she was awarded the care and custody of the son; and thereafter she married one Burbank.

The allegations of her petition for the writ of *habeas corpus* state that matter in this language: "That on said 13th day of August, 1908, petitioner was granted a decree of divorce from said Richard B. Stack, by the superior court of the State of Washington, in and for the county of Spokane, in the city of Spokane, State of Washington, and in said decree petitioner was given the absolute control and custody of said child."

Then follow allegations that she brought the son to St. Louis, and that subsequently Richard B. Stack appeared there and enticed, decoyed and kidnaped the son from her.

Previous to the service of the writ of *habeas corpus,* the grand jury of the city of St. Louis had indicted said Stack, to which charge he appeared and gave bond for his appearance to answer said indictment.

While in attendance upon the court in answering said charge of kidnaping, a copy of the writ of *habeas corpus* was served upon him, which was signed by the clerk of the court, and not by the judge who issued the same.

Upon that state of the record, Stack, the relator, appeared specially and filed a motion to quash the writ of *habeas corpus,* which is in words substantially as follows:

"Now comes the respondent in the above entitled matter, Richard B. Stack, and enters his appearance herein solely for the purposes of this motion, and for

no other purpose whatever; and said respondent states that the court is without jurisdiction herein, and should quash the writ issued herein and abate this cause for the following reasons, to-wit:

"1. Because said writ was not served upon this respondent in the manner required by law, and was not served upon this respondent at all, but the only paper that was served upon this respondent was the one hereto attached, and herewith filed and made a part hereof by reference thereto, and marked 'Exhibit A,' which may be a copy of the writ issued by the court herein, but which is not and does not purport to be the writ itself.

"2. The writ issued herein discloses upon its face that it is insufficient and does not conform to the requirements of law in that it fails to command the respondent to have the body of John King Stack, mentioned in said writ, before this honorable court 'without delay,' but on the contrary said writ, which on its face purports to have been issued by this court on the 28th day of March, 1911, commands the respondent to have the body of said John King Stack before this honorable court on the 31st day of March, 1911, at 10 o'clock a. m.

"3. The said writ issued herein discloses upon its face that it is insufficient in that said writ commands respondent to have the body of said John King Stack before this honorable court upon the 31st day of March, 1911; whereas said writ should have commanded respondent to have the body of the said John King Stack before this honorable court 'without delay,' or within twenty-four hours after the service of the said writ upon respondent, in the event that said respondent should be served with said writ within twenty miles of this court.

"4. Because, without any warrant or authority of law, this honorable court on the 31st day of March, 1911, at 10 o'clock a. m., and upon the motion of

counsel for the petitioner, made an order herein that the time for respondent .to make return to the writ herein would be and was extended until Saturday morning, April 1st, 1911, at 10 o'clock.

"5.   Because the writ issued herein was issued by the Honorable J. Hugo Grimm, one of the judges of this court, out of court, at chambers, and in vacation, and said writ was not signed by said judge, as is required by section 2447, Revised Statutes 1909."

Relator states that on, to-wit, the 25th day of April, 1911, respondent overruled the aforesaid motions to quash, and each of them, and made an order that this relator file a return to said writ of *habeas corpus* on or before April 28, 1911.

Further, relator says that the only writ ever issued in the aforesaid matter was the one aforesaid signed by the clerk of said court and issued under the seal of said court; that no writ in said matter was signed by the respondent, J. Hugo Grimm. That the aforesaid writ, issued as aforesaid, was not served upon this relator, but only the copy thereof as aforesaid.

Further, relator states that the aforesaid petition of Mrs. Orion Allen Burbank is fatally defective, and is insufficient to warrant the issuance thereupon of the writ of *habeas corpus,* in that said petition fails to set forth the facts constituting the alleged wrongful and unlawful restraint of the child, John King Stack, therein referred to, and fails to set forth the facts disclosing the jurisdiction of the superior court of the State of Washington in and for the county of Spokane, in the city of Spokane, State of Washington, and fails to set forth the facts disclosing, or to allege at all, the said superior court of the State of Washington was a court having jurisdiction to decree to petitioner the absolute control and custody of said child, John King Stack, and fails to allege that said superior court had jurisdiction of the *res* or of the parties:

that said deficiencies in said petition, and the matters and things, hereinbefore alleged, prevented the jurisdiction of the circuit court of the city of St. Louis, or of the respondent, from attaching, so that upon said petition the writ of *habeas corpus* could be lawfully issued.

Relator states that in consequence of the premises, the said circuit court of the city of St. Louis, and the respondent, the Honorable J. Hugo Grimm, are without jurisdiction to continue with this cause, but that respondent is about to proceed with this cause, and compel relator to make a return, and undertake to make orders therein, and to adjudicate as to the custody of said child, and will do so unless restrained by this honorable court.

Wherefore, your relator prays this honorable court that a writ of prohibition be issued directed to said respondent, J. Hugo Grimm, judge of the circuit court of the city of St. Louis, State of Missouri, prohibiting him from taking any further cognizance of said *habeas corpus* proceeding now pending as aforesaid before him in Division No. 1 of said circuit court, and for such further relief as to this honorable court may seem proper in the premises.

And accompanying and filed with the aforesaid petition was an affidavit which, omitting formal parts, is as follows:

"Thomas B. Harvey, of lawful age, being duly sworn, upon his oath says that he was of counsel for defendant in the case of the State of Missouri, plaintiff, versus Richard B. Stack, defendant, in an indictment filed by the grand jury for the city of St. Louis, at the February term of court, 1910, and charging the said defendant with the felony of having in January, 1910, kidnapped his minor son, John King Stack, in the city of St. Louis, and having forcibly taken said child from said city and the State of Missouri, into

the State of Illinois, and other States and countries unknown to the grand jurors.

"That said defendant was required to appear at the city of St. Louis, and did so appear, and gave bail bond in the sum of twenty-five hundred dollars to answer said charge, said defendant residing in and being a citizen of the State of Michigan.

"That thereafter, to-wit, on the 27th day of March, 1911, said charge came on for trial in the circuit court of the city of St. Louis, Division No. 12 thereof for criminal causes, and upon the issue being joined as to whether said defendant had kidnaped the aforesaid child, it was found by the verdict of the jury and by the judgment of the court thereon, to-wit, on the 31st day of March, 1911, that said defendant was not guilty of said charge, and he was thereupon discharged hence without day.

"Affiant further states that he is reliably informed and believes, and upon said information and belief states the fact to be, that the aforesaid child, John King Stack, has not been within the State of Missouri since the 14th day of January, 1910, the date of the aforesaid alleged kidnaping, as charged in the aforesaid indictment, and that the said child, John King Stack, was not within the State of Missouri during the trial of the aforesaid criminal case against the said Richard B. Stack, nor was he in the State of Missouri at the time of the service of the writ of *habeas corpus* upon the said Richard B. Stack, as set forth in the petition for a writ of prohibition this day filed before the Supreme Court of Missouri, nor has he been in said State at any time since the aforesaid alleged kidnaping of him by his aforesaid father."

The respondents return is as follows:

"To the Honorable Judges of the Supreme Court of Missouri:

"Now comes J. Hugo Grimm, Judge of the Circuit Court, City of St. Louis, Missouri, presiding in

Division No. 1 thereof, and making return to the writ of prohibition herein, shows unto the court here that in the matter concerning which he has been cited to appear before this court, he proceeded with and was proceeding in the proper exercise of the jurisdiction in such matters conferred upon him by law, and that there is no valid reason in law why the rule heretofore made upon him should be made absolute.

"Wherefore he prays that the said rule may be discharged."

I.    By reading the motion to quash the writ of *habeas corpus* issued in this cause by the respondent, it will be seen that its validity is questioned for a number of reasons, but from the view we take of the case, it will be necessary for us to consider but two of them, namely: First, is section 2447, Revised Statutes 1909, requiring the judge, in vacation, to sign the writ, directory or mandatory? and, second, is the decree of the superior court of Spokane county, Washington, as pleaded, sufficient to divest the care, custody and control of John King Stack, from the father, the natural guardian, and give it to the mother, the secondary guardian of the said son?

As to the first proposition presented, we have no hesitancy whatever in saying that the statute mentioned is mandatory, and must be strictly obeyed. It would be just as logical to say that the clerk of the court could legally sign the return of service upon the writ made by the sheriff, as to say that he can legally issue and sign the writ, while in express terms of the statute that duty is imposed upon the judge, and not upon the clerk. In the absence of such a statute, the power to sign such a writ would unquestionably devolve upon the clerk of the court, under his general powers and duties, but clearly, under the inhibition of this plain and unambiguous statute, that authority is withdrawn from the clerk, and, as before stated, is im-

posed upon the judge who issues the writ in vacation.

Presumably that is true, for the reason that in vacation there is no record proper to be made by the clerk in any case, and in order to have full and complete files in such a case, the Legislature deemed it wise and proper to impose all the authority and duties regarding such cases upon the judge, who issues the writ, and tries the case, and not upon the clerk of the court.

But be that as it may, the fact still remains, that the statutes in unambiguous terms have said that such a writ shall be signed by the judge, and we have no authority to interpolate into it, the words, "or by the clerk of the court." Such a construction would be judicial legislation, and not an interpretation of the statute, as enacted by the lawmakers.

We are therefore of the opinion that the writ as issued is void and should have been quashed by the respondent.

II. Attending to the second proposition presented, we have this to say: That the allegations of the petition for the writ of *habeas corpus* were not sufficient to show that the superior court of Spokane county, Washington, had the jurisdiction or authority to divest Richard B. Stack, the father, the natural and legal guardian and custodian of his said son, John King Stack, and give that custody and control to his mother.

It is historical and elementary, that under the common-law rule the jurisdiction over divorce cases rested entirely with the ecclesiastical courts of the realm, but in the several States of the Union that jurisdiction is purely statutory, and rests alone with those courts upon which it has been expressly conferred by legislative enactments. [2 Bishop on Marriage & Divorce, secs. 801 and 1185; 1 Bishop on Mar-

riage & Divorce, sec. 128; Steele v. Steele, 35 Conn. 48; Hatfield v. Hatfield, 6 D. C. 80; McGee v. McGee, 10 Ga. 477; Robbins v. Robbins, 140 Mass. 528; Sparhawk v. Sparhawk, 116 Mass. 315; Higgins v. Sharp, 164 N. Y. 4; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Olin v. Hungerford, 10 Ohio, 268; Northcut v. Lemery, 8 Ore. 316; Cast v. Cast, 1 Utah, 112; Le Barron v. Le Barron, 35 Vt. 365.]

That being true, no presumption of jurisdiction obtains in such proceeding in any court of any of the States of the Union; and all courts exercising jurisdiction in any such case must be taken and held to be courts of inferior or limited jurisdiction, and in pleading here such a judgment of a court of another State, it is absolutely necessary to aver in appropriate language its jurisdiction over the parties and the subject-matter of the suit, or to allege in the language of our statute, section 1835, Revised Statutes 1909, that the judgment thereof was "duly given or made." Neither of those averments appear in the petition for the writ of *habeas corpus* filed with the respondent here.

Mr. Black, in his excellent work on Judgments (2 Ed.), vol. 1, section 279, in treating this subject, says: "So far, we have confined our attention to the presumptions of jurisdiction in the case of a superior court, exercising its ordinary common law powers. It remains to speak of the exercise of peculiar statutory powers, and then of the judgments of inferior tribunals. And first, it is an established rule that when a court of general jurisdiction has special and statutory powers conferred upon it, which are wholly derived from statute, and not exercised according to the course of the common law, or are not part of its general jurisdiction, it is to be regarded as *quoad hoc* an inferior or limited court, and its judgments to be treated accordingly, that is, its jurisdiction must appear on the record and cannot be presumed." See numerous authorities, both State and Federal, cited by him in sup-

port of the text; also 1 Bailey on Jurisdiction, section 112.

Also Mr. Freeman, in his able work on Judgments, vol. 2, section 454, in treating the failure of the pleader to aver what is required by statutes similar to ours, as previously mentioned, uses this language: "Many of the States have passed statutes in which it is provided that in pleading the judgment or determination of a court of special jurisdiction, the facts concerning jurisdiction need not be stated; but that the 'averment that the judgment or determination was duly given or made shall be sufficient.' This statute is not complied with by alleging that 'a judgment was entered in said action.' Though it probably is not essential that the precise words of the statute be employed, they can not be substituted by words not having the same effect. The word 'duly' has been held to be indispensable."

Kelly v. Kelly, 161 Mass. 111, was a suit instituted in Massachusetts upon a judgment for alimony rendered in a divorce proceeding in the State of New York; and the court held that the proceeding in New York was not "according to the course of common law," but was necessarily based upon the statutes of New York, and that it was necessary to allege and prove that the court rendering the judgment in New York had statutory jurisdiction to render the judgment.

Volume 11, page 1138, of Ency. Plead. & Prac., states the rule as follows: "Where the statutory mode of declaring is adopted, either the words of the statute or words of exactly similar import must be used. Hence an allegation that plaintiff 'recovered a judgment,' or that a judgment was entered 'in said action' without averring that it was 'duly' entered, is not sufficient." Citing Hunt v. Dutcher, 13 How. Prac. 538; Harmon v. Comstock Horse, etc. Co., 9 Mont. 243; Weaver v.

English, 11 Mont. 84; Boyce v. Brown, 7 Barb. (N. Y.) 84.

Black on Judgments, vol. 2, section 875, states the same rule in these words: "And it is further to be observed that if the court rendering the judgment was one of limited, inferior or statutory jurisdiction, or if the proceedings were in derogation of common law, jurisdiction will not be presumed, but must be affirmatively shown by the face of the record or fully and distinctly pleaded and proved."

The precise question now under consideration was presented to the Supreme Court of Indiana, in the case of Hardin v. Hardin, 168 Ind. 352. That was a petition for a writ of *habeas corpus* to obtain the care and custody of a minor child bottomed on a decree of divorce, rendered in Kentucky, but there, as here, the petition for the writ filed in the Indiana court contained no charges that the Kentucky court which rendered the decree had jurisdiction over the parties and the subject-matter of the suit. In disposing of that question the court, on pages 357 and 358, said: "The infirmity, however, of appellant's complaint, in one respect at least, is that there is an entire absence therein of any averments to show that the McLean Circuit Court had jurisdiction over the subject-matter and the parties in the proceeding wherein the decree of divorce to appellee was awarded, and whereby the custody of the infant child in question was determined and fixed as alleged in the complaint. There are no allegations in the pleading to show that the McLean Circuit Court was, under the laws of Kentucky, a court of general jurisdiction. This at least was necessary in order to disclose that the decree upon which appellant predicates his right to have the custody of the child was rendered by a court which was invested with the necessary jurisdiction in divorce proceedings." To the same effect are, Bailey v. Martin, 119 Ind. 103; American, etc. Life Ins. Co. v. Ma-

son, 159 Ind. 15; Gates v. Newman, 18 Ind. App. 392; Ashley v. Laird, 14 Ind. 222, 77 Am. Dec. 67.

We are, therefore, clearly of the opinion that the petition for the writ was insufficient to have authorized its issuance.

Having reached the conclusion that the application for the writ of *habeas corpus* was insufficient to authorize its issuance, in our opinion, under the authority of State ex rel. v. Dobson, 135 Mo. 1, nothing remained to be done in the case, by the respondent, but to quash the writ as prayed by the motion. In that case the writ had been issued by the circuit court of Jackson county, and its jurisdiction in that regard was challenged, by means of a writ of *certiorari* at the instance of the Attorney-General, on the grounds that the averments of the application were insufficient to invest that court with jurisdiction to issue the writ, and after a most exhaustive and careful consideration, in an opinion delivered by this court, the writ was quashed. On page 10 the court used this language: "Now all the authorities hold that a petition asking the relief the petitioners seek, must on its face show 'probable cause,' and when it appears from the party's own showing that there is no ground prima facie for his discharge, the court will not issue the writ. In short, the writ of *habeas corpus* is a writ of right, but not a writ of course. . . . The issuance of the writ is not a mere perfunctory operation. It is not to be 'had for the asking.' . . . Judicial discretion is as necessary in the issuance of the writ as in the issuance of any other writ whatsoever. It can only properly issue to the one entitled to it, either under the common law or under the statute. Were this otherwise, the writ would descend from its high plane, and its issuance become a mere ministerial act which could be performed by the clerk of the court as well as by the judge."

And further along in the opinion, on page 17, the court says: "Besides, granting the existence of a general jurisdiction in respondent to issue writs of *habeas corpus,* still that jurisdiction never attached in this particular case; was not put in motion by reason of the fact that such allegations as the statute requires to be made in the petition as the basis for the issuance of the writ in sections 5346 and 5347, were not made; the rule being that when 'the law conferring the power on the court to act in the matter requires the allegation of a particular fact to exist as a condition to its exercising its power, such fact must be averred, for this refers to and circumscribes the power of the court to act except upon the existence of such fact.' [Brown, Jurisdict., sec. 1.]"

If it be true, as before stated, and under the authorities cited we think there can be no doubt but what it is, that the Washington court had no jurisdiction or authority to take the care and custody of the son from the father and give it to the mother, then there was no crime or wrong in the father in taking him from the mother and carrying him beyond the bounds of the State. By so doing he was but exercising his lawful rights and legal duties.

While as before stated, there are a number of other grounds assigned for quashing the writ, but in view of the conclusions previously announced herein, it will not be necessary to notice them.

The premises considered, we are of the opinion, that the respondent had no jurisdiction to issue the writ of *habeas corpus,* or to try the cause; and we, therefore, order the peremptory writ of prohibition to issue, as prayed.    All concur.