(May 12, 1923.)

DORA A. PLATTS, Respondent, v. FRANCIS PLATTS, Administratrix of the Estate of EDWIN S. PLATTS, Deceased, Appellant.

[215 Pac. 464.]

DIVORCE — ALIMONY — STATUTORY  POWER — COURTS — JURISDICTION — PLEADING.

1.  The power to award permanent alimony in granting a divorce is statutory.

2.  A court of general jurisdiction which takes cognizance of a cause pursuant to statutory authority and not in conformity with the common law becomes an inferior court, and its proceedings are subject to all the incidents applicable to an inferior court, so that a complaint based upon a judgment of such court in a suit thereon in a foreign jurisdiction must show that jurisdiction of the person against whom such judgment was rendered was secured in the manner prescribed in order to state a cause of action, as no presumptions can be invoked to supply any omissions.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action to enforce claim for alimony. From judgment for plaintiff, defendant appeals. *Reversed* and *remanded*, with instructions.

Edgerton & Davis, for Respondent, file no brief.

D. W. Zent, for Appellant.

A foreign judgment, not reduced to judgment in this state is not a valid claim against the estate of a deceased

Publisher's Note.

1.  Death of husband as affecting alimony, see note in 18 **A. L. R.** 1040.

Right of action to recover instalments of alimony accruing under a decree rendered in another state, see notes in 59 **L. R. A.** 178; 9 **L. R. A., N. S.,** 1168; 28 **L. R. A., N. S.,** 1068.

person here, nor can an administratrix be compelled to accept a certified copy of the decree of a foreign court and allow it as a valid claim against the estate. (23 Cyc. 1556, sec. 3.)

An action cannot be maintained against an administratrix for judgment on a foreign judgment for alimony. (C. S., sec. 7657.)

GIVENS, Commissioner.—Respondent brought this action to compel appellant, as administratrix of the estate of Edwin S. Platts, deceased, to file and allow as a just claim against the estate of Edwin S. Platts, deceased, a transcript of judgment for alimony awarded in a divorce granted respondent by the circuit court of the state of Oregon, for Multnomah county.

The transcript as presented to the administratrix was simply a certified copy of the decree of the Oregon court, as follows:

"This case coming on to be heard for final hearing and trial before Honorable Wm. N. Gatens, Judge presiding, the plaintiff appearing in person and by her attorney D. A. Tufts, the State of Oregon appearing by District Attorney and the defendant appearing not either in person or by attorney and a default having heretofore duly entered against defendant and the Court having heard the evidence in support of the premises and having filed with the clerk of this Court Findings of Fact and Conclusions of Law it is found and declared that the plaintiff is entitled to a Decree of Divorce from the defendant, upon the grounds of desertion.

"Now therefore based on said Findings of Facts and Conclusions of Law it is considered, ordered, adjudged and decreed as follows to wit:

"I.

"That the bonds of matrimony heretofore and now existing between the plaintiff and defendant be and the same are hereby set aside, dissolved and forever held for naught.

"II.

"That the plaintiff be paid the sum of $20.00 per month as alimony, by the defendant, for the care and support of herself."

There was no recital in the original decree as presented in the transcript, and there is no allegation in respondent's complaint, showing that the Oregon court had jurisdiction of the party defendant in the action therein, to wit, Edwin S. Platts, deceased.

The appellant assigns several errors, among others that the court erred in overruling defendant's demurrer to the plaintiff's complaint, the same being a general demurrer on the insufficiency of the facts in the complaint to state a cause of action, the certified copy of the Oregon judgment being attached to the complaint as an exhibit.

The power to award permanent alimony on granting a divorce is statutory. (*De Vall v. De Vall,* 57 Or. 128, 109 Pac. 755, 110 Pac. 705; *Grannis v. Superior Court,* 146 Cal. 245, 106 Am. St. 23, 79 Pac. 891; 9 Cal. Jur. 628, par. 4; 19 C. J. 22, 33 and 280.)

While there is authority sustaining respondent's contention that a foreign decree awarding alimony is enforceable in another state, those decisions are all based upon the proposition that the court awarding the decree granting the alimony had jurisdiction of the subject matter and the parties. (*Ex parte McMullin,* 19 Cal. App. 481, 126 Pac. 368; *Sistare v. Sistare,* 218 U. S. 1, 20 Ann. Cas. 1061, 30 Sup. Ct. 682, 54 L. ed. 905, and cases cited in note to 28 L. R. A., N. S., 1068.) The Oregon supreme court has laid down the rule that as to the granting of divorces and awarding alimony, such courts are of limited jurisdiction, and the presumption generally applicable to courts of general jurisdiction does not prevail.

"When a court of general jurisdiction takes cognizance of a cause pursuant to statutory authority and not in conformity with the principles of the common law, such tribunal becomes an inferior court and its proceedings in such cases are subject to all the incidents applicable to a court of that kind,

and, in order that its adjudications may be invulnerable to attack, its record must affirmatively show that the jurisdiction of the person against whom the judgment was rendered, was secured in the manner prescribed, for no presumptions can be invoked to supply any omissions in this particular. *Heatherly v. Hadley,* 4 Or. 1, 14; *Odell v. Campbell,* 9 Or. 298, 300; *In re Goldsmith,* 12 Or. 414, 417, 7 Pac. 97, 9 Pac. 565; *Furgeson v. Jones,* 17 Or. 204, 212, 11 Am. St. 808, 20 Pac. 842, 3 L. R. A. 620; *White v. Espey,* 21 Or. 328, 331, 28 Pac. 71. As this legal principle is a well-recognized rule of the common law predominating in Oregon, which, in the absence of any showing to the contrary, we shall assume is in force in Wisconsin (*Kelley v. Kelley,* 161 Mass. 111, 42 Am. St. 389, 36 N. E. 837, 25 L. R. A. 806, 807), the plaintiff properly set forth, as parts of the complaint, copies of sections of the statute of that state relating to divorce, to alimony, and to the manner of securing jurisdiction of the person in certain instances, for a court will not take judicial notice of the statutes of another state, thereby making averment and proof thereof requisite. *Goodwin v. Morris,* 9 Or. 322, 324; *Cressey v. Tatom,* 9 Or. 541, 545; *Scott v. Ford,* 52 Or. 365, 366, 100 Pac. 656.'' (*De Vall v. De Vall, supra.*)

This rule is well recognized in other jurisdictions.

''If the authority to render the judgment is given by statute, and the proceedings are not according to the course of the common law, there is no presumption in favor of the judgment, and, if the record fails to show the existence of all the facts necessary to give the court authority to render it, the judgment is of no effect. *Galpin v. Page,* 85 U. S. 350, 21 L. ed. 959; *Rand v. Hanson,* 154 Mass. 87, 26 Am. St. 210, 28 N. E. 6, 12 L. R. A. 574; *Kelley v. Kelley,* 161 Mass. 111, 42 Am. St. 389, 36 N. E. 837, 25 L. R. A. 806; *Prentiss v. Parks,* 65 Me. 559; *Coleman v. Stearns Mfg. Co.,* 38 Mich. 30; *Kohn, Leberman & Co. v. Hass,* 95 Ala. 478, 12 So. 577; *Furgeson v. Jones,* 17 Or. 204, 11 Am. St. 808, 20 Pac. 842, 3 L. R. A. 620; *Anderson v. Haddon,* 33 Hun

(N. Y.), 435.'' (*Traders' Trust Co. v. Davidson*, 146 Minn. 224, 178 N. W. 735; 23 Cyc. 1578, note 52.)

The complaint therefore did not state a cause of action, and the demurrer should have been sustained. (*State v. Grimm*, 239 Mo. 340, Ann. Cas. 1913B, 1188, 143 S. W. 450.) Having reached this conclusion, it is unnecessary to consider the other points raised by appellant.

The judgment of the lower court should therefore be reversed and the cause remanded, with instructions to permit respondent to amend her complaint, if she so desires.

Budge, C. J., and McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined and is hereby adopted in whole as the opinion of the court, and it is so ordered. Costs awarded to appellant.