IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35449

CHRIST T. TROUPIS and MAUREEN D. TROUPIS, husband and wife,

    Plaintiffs-Respondents,

 v.

D. SCOTT SUMMER and CHARLOTTE SUMMER, husband and wife,

and

WELLS FARGO BANK NORTHWEST, National Association, and DOES 1–10, inclusive,

    Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2009 Term

2009 Opinion No. 122

Filed: October 9, 2009

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge, Hon. Ronald J. Wilper, District Judge.

The judgment is affirmed.

D. Scott Summer, appellant pro se.

Gilbert L. Nelson, PLLC, Caldwell, for appellant Charlotte Summer.

R. Brad Masingill, Weiser, for respondents.

---

J. JONES, Justice.

    D. Scott and Charlotte Summer appeal from the district court's judgment dividing among the parties the proceeds of sale of jointly owned real property. We affirm.

## I.

## Factual and Procedural Summary

    Christ and Maureen Troupis were co-owners with D. Scott Summer and Charlotte Summer as tenants in common of real property located at 385 S. Locust Grove Road, Meridian,

Idaho. The Troupises alleged that from September 8, 2006, up to the filing of their lawsuit to partition and sell the real property, they incurred expenses for the common benefit of the co-owners amounting to $40,560.54. The expenses included real estate taxes, principal and interest payments on the mortgage and line of credit secured by the real property, insurance, utilities, and weed removal. After the lawsuit was filed, the Troupises incurred further expenses to keep the property out of foreclosure, raising their claim to $52,453.65.

On October 3, 2007, the Troupises filed a verified complaint for partition of the real property. The complaint requested the following relief: partition and sale of the real property, reimbursement of all sums incurred by the Troupises in maintaining the property for the common benefit of the parties, and division of the net proceeds of the sale between the parties.

D. Scott Summer filed a verified answer pro se, asserting that the court lacked jurisdiction over the subject matter of the lawsuit under Idaho Code sections 6-501 and 6-541. He also alleged as an affirmative defense that he was entitled to an equitable setoff for wage claims and "wrongfully appropriated [p]artnership monies." Charlotte Summer appeared through an attorney, and her answer similarly attacked the court's jurisdiction over the subject matter.[1] Charlotte also asked the court to equitably set off amounts due to the Troupises for Scott's wage claims and certain payments made by the Summers for utilities, mortgage indebtedness, and other expenses.

While the lawsuit was pending, the parties found a buyer for the real property and the property was sold on March 20, 2008, pursuant to agreement of the parties. After all taxes and mortgage liens were satisfied, $114,202.92 of the proceeds remained payable to the Troupises and Summers. The Summers objected to any division of the sale proceeds that provided for repayment to the Troupises of the monies they advanced to preserve the property. After a disagreement regarding where to deposit the proceeds, the money simply remained in escrow until the court issued its ruling on the Troupises' motion for summary judgment.

The Troupises moved for summary judgment, asking the court to distribute the proceeds of the sale. Hearing was held on May 12, 2008. The Summers filed no affidavits to support their objections to the Troupises' claims. Instead, the Summers called the court five minutes before the hearing to advise that they would not appear. After the hearing, the court issued its findings

---

[1] D. Scott Summer initially attempted to appear pro se on behalf of his wife; however, the district court determined that Scott could not represent his wife's interest pro se, and therefore she had to appear pro se herself or hire an attorney.

of fact, conclusions of law, and judgment in which it found the Troupises to be the prevailing party and awarded them $52,453.65, representing the money they expended for the common benefit of the parties, plus accrued interest. The court also allowed the Summers $4,611.42 for expenditures they made for the common benefit of the parties, plus accrued interest. Finally, the court ordered that the remaining sale proceeds were to be divided equally between the parties.

The district court awarded the Troupises $168.00 in costs and $13,920.00 in attorney fees for a total award of $14,088.00. The Summers appealed to this Court.

## II.

## Issues on Appeal

The following issues are presented to this Court on appeal: (1) whether the district court had jurisdiction to divide the sale proceeds of the jointly-held property; and (2) whether the district court erred in awarding the Troupises attorney fees and costs.

## A.

## Standard of Review

The issue of whether the district court had jurisdiction over this action is one of law, over which this Court exercises free review. *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009).

## B.

The Summers argue that Idaho Code section 6-501, under which this suit was brought, does not grant subject matter jurisdiction to the district court to distribute the proceeds of the sale of jointly-owned property when the sale was not judicially ordered. Under the Summers' reading of section 6-501, the district court has the authority to order the sale, but lacks subject matter jurisdiction to divide the resulting proceeds of sale. The Summers assert that section 6-501 confers jurisdiction over real property only, and not the proceeds of a real property sale, which are personal property.

The Troupises contend that the district court had equitable jurisdiction over the sale proceeds because both parties asserted equitable claims related to the proceeds of the sale of the tenancy-in-common real property in their pleadings. The Troupises point out that the Idaho Constitution and statutes grant the district court jurisdiction over cases like this one and allow the district court to make compensatory adjustments between parties when deciding the case.

3

Subject matter jurisdiction is a key requirement for the justiciability of a claim and cannot be waived by consent of the parties. *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 626, 586 P.2d 1068, 1070 (1978). Because of the serious ramifications of a court acting without subject matter jurisdiction, namely that the judgments of that court are void, the concept must be clearly defined. *Id.* Subject matter jurisdiction was first defined in *Richardson v. Ruddy*, a case dealing with the predecessor to Idaho Code section 6-501, the statute in issue here:

> Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some of the inherent facts that exist and may be developed during trial.

15 Idaho 488, 494-95, 98 P. 842, 844 (1908). This Court has adopted a presumption that courts of general jurisdiction have subject matter jurisdiction unless a party can show otherwise. *Borah v. McCandless*, 147 Idaho 73, 78, 205 P.3d 1209, 1214 (2009).[2]

The district court in this case had jurisdiction because it is a court of general jurisdiction and there has been no showing that subject matter jurisdiction was lacking. First, Idaho's Constitution provides that "[t]he district court shall have original jurisdiction in all cases, both at law and in equity." Idaho Const. art. 5, § 20. Second, the relevant statutes—all part of Idaho Code, title 6, chapter 5, entitled "Partition of Real Estate"—provide for jurisdiction over both the class of cases presented and over the specific remedy sought. The lawsuit was filed pursuant to Idaho Code section 6-501, which reads:

> **When partition may be had.** When several cotenants hold and are in possession of real property as parceners, joint tenants or tenants in common, in which one (1) or more of them have an

---

[2] The Summers also argued in the court below, although they have failed to do so in their briefing to this Court, that the issue before the court is moot. Because this Court does not hear moot cases, the issue of mootness will be addressed. *Comm. for Rational Predator Mgmt. v. Dept. of Agric.*, 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997). A case becomes moot when the issues addressed are "no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* A case is also moot where "a judicial determination will have no practical effect on the outcome." *Id.* Here, the parties' current status demonstrates that the case is not moot. The parties have a live controversy concerning the amount of reimbursement and/or setoff for funds they have expended for the benefit of their commonly held property. The proceeds of sale were under the jurisdiction of the district court and the district court's decision in this case determined how they would be divided among the parties. Thus, the determination in this case had a practical effect on the parties' recovery, rendering it a live controversy subject to appeal under *Committee for Rational Predator Management.*

4

> estate of inheritance, or for life or lives, or for years, an action may be brought by one (1) or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners.

I.C. § 6-501. The statutory and constitutional provisions, when taken together, demonstrate that the district court, as a court of general jurisdiction, had the authority to hear this matter when filed because it was in fact dealing with the partition of real property under the authority granted by Idaho Code section 6-501.

To support their claim of lack of subject matter jurisdiction, the Summers rely on *Platts v. Platts*, which presents a situation entirely inapplicable to the question presented here. 37 Idaho 149, 215 P. 464 (1923). *Platts* involved this Court's examination of the validity of a judgment rendered by an Oregon Court. *Id.* at 151–52, 215 P. at 465. The Court determined that because the judgment did not demonstrate the Oregon court ever had personal jurisdiction over the defendant, the judgment was void. *Id.* ("If the authority to render the judgment is given by statute, and the proceedings are not according to the course of the common law, there is no presumption in favor of the judgment, and, if the record fails to show the existence of all the facts necessary to give the court authority to render it, the judgment is of no effect."). *Platts* is inapplicable to this case because it presents a question of personal jurisdiction rather than subject matter jurisdiction, and the facts that demonstrate subject matter jurisdiction in this case are clearly set forth in the record.

Furthermore, the district court retained jurisdiction even after the property was sold, as indicated by the plain language of Idaho Code, title 6, chapter 5. There are several provisions of chapter 5 which show the Legislature intended for the district court to retain jurisdiction over a cause of action properly brought under that chapter, even after the subject property is sold. For example, Idaho Code section 6-508 provides that "[t]he rights of the several parties, plaintiff as well as defendant, may be put in issue, tried and determined," with no mention that those rights must be rights in real property. I.C. § 6-508. Additionally, Idaho Code section 6-522 provides for the distribution of sale proceeds as directed by the court. I.C. § 6-522. Finally, Idaho Code section 6-541 provides that "*in all cases the court has power to make compensatory adjustment between the respective parties according to the ordinary principles of equity.*" I.C. § 6-541

(emphasis added). Accordingly, because the statutory language clearly vests the district court with equitable powers to apportion the proceeds of the sale of jointly held property after sale, the argument that the Court loses jurisdiction when the property is sold is without merit.

This Court has long recognized "that equity having obtained jurisdiction of the subject matter of a dispute, will retain it for the settlement of all controversies between the parties with respect thereto and will grant all proper relief whether prayed for or not." *Boesinger v. Freer*, 85 Idaho 551, 563, 381 P.2d 802, 809 (1963); *see also Kessler v. Tortoise Dev., Inc.*, 134 Idaho 264, 270, 1 P.3d 292, 298 (2000); *Carpenter v. Double R Cattle Co.*, 108 Idaho 602, 606, 701 P.2d 222, 226 (1985). This principle allows the court flexibility in adjudicating cases, which is necessary because not all cases are presented in precisely the same fashion. The district court acquired jurisdiction when the Troupises filed the lawsuit. The district court retained jurisdiction to conclude the action even after the parties agreed to sell the property—an agreement which may have been prompted by the filing of the lawsuit in the first place. Thus, the district court had jurisdiction over the case and properly granted summary judgment.

## C.

The Summers argue that the award of attorney fees should be vacated because the district court had no jurisdiction to make its ruling, and therefore, no jurisdiction to award attorney fees. As discussed above, the court had jurisdiction over the case. Consequently, the Summers' arguments that the attorney fee award should be vacated is likewise without merit. The Troupises request attorney fees on appeal under Idaho Code sections 12-120(3) and 12-121. We award fees under section 12-120(3).

Idaho Code section 12-120(3) compels an award of attorney fees to the prevailing party in an action to recover on a commercial transaction. I.C. § 12-120(3); *BECO Constr. Co., Inc. v. J-U-B Eng'rs, Inc.*, 145 Idaho 719, 726, 184 P.3d 844, 851 (2008). A court *must* award attorney fees to the prevailing party in an action to recover on a "commercial transaction." I.C. § 12-120(3); *BECO*, 145 Idaho at 726, 184 P.3d at 851. A "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). The test to determine whether this section applies is whether the commercial transaction comprises the gravamen of the lawsuit; it must be integral to the claim and constitute the basis upon which the party is attempting to recover. *Johannsen v. Utterbeck*, 146 Idaho 423, 432, 196 P.3d 341, 350 (2008). The Summers and Troupises owned the real property in question to conduct their

business together. Therefore, the lawsuit was to recover on a commercial transaction and the Troupises are entitled to an award of attorney fees.

## III.

The decision of the district court is affirmed. The Troupises are awarded attorney fees and costs on appeal.

Chief Justice EISMANN, and Justices BURDICK and HORTON, and Pro Tem Justice KIDWELL CONCUR.