(19 Misc. Rep. 677.)

PEOPLE ex rel. JAMES v. SOCIETY FOR PREVENTION OF CRUELTY TO CHILDREN.

(Supreme Court, Special Term, New York County. March, 1897.)

HABEAS CORPUS—SECURITY FOR COSTS—NONRESIDENT RELATOR.
Security for costs cannot be required of relator, though he is a nonresident.

Habeas corpus by Charles C. James against the Society for the Prevention of Cruelty to Children. Defendant moves for an order requiring relator to give security for costs. Denied.

Elbridge T. Gerry, for the motion.
Alexander Y. Scott, opposed.

PRYOR, J. A nonresident relator having sued out writ of habeas corpus for the custody of his child, the respondent moves that he be required to give security for costs. Any person imprisoned or restrained of his liberty, within the state, for any cause or upon any pretense, with an exception not involved in this proceeding, is entitled of right to a writ of habeas corpus. Code Civ. Proc. § 2015. The

petition for the writ may be proffered by the prisoner or by any person in his behalf.   Id. § 2017.   On a proper application, the court or judge must grant it without delay, under a penalty for refusal of $1,000.   Id. § 2020.   The person upon whom the writ has been duly served must bring up the body of the prisoner, under peril, in case of neglect, of attachment and commitment.   Id. §§ 2027, 2028. The court or judge before whom the prisoner is produced "must immediately after the return of the writ examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner," and discharge or remand him, as the case may require. Id. § 2031.   From these provisions of the statute, as well as from the office and object of the writ of habeas corpus ad subjiciendum, the conclusion is obvious that nothing may be interposed as a bar or impediment to the allowance or operation of the writ in delivering from illegal detention.   But, if security for costs may be exacted for the privilege of prosecuting the writ, not only would a restriction upon its allowance be imposed without warrant, but its benefit be denied to the friendless and unfortunate,—the class most in need of its protecting energies.   Hence the proceeding upon a new writ may not be stayed for nonpayment of the costs of a former proceeding. People v. Mercein, 3 Hill, 399.   Hence, too, the effect of a final order discharging the prisoner may not be suspended pending an appeal from the order.   People v. Stout, 10 Misc. Rep. 247, 31 N. Y. Supp. 421.   While no authority is adduced in support of the motion, an express adjudication against it is presented in State v. Lyon, 1 N. J. Law, 403.   I am unwilling in any manner or in any degree to impair the efficacy of the most beneficial process of the law, but, were I otherwise inclined, happily I should be without power to carry out such purpose.

Motion denied.