(July 11, 1918.)

## W. W. RHODENBAUGH et al., Appellants, v. E. STINGEL et al., Respondents.

### [174 Pac. 604.]

APPEAL—DRAINAGE DISTRICT—JUDGMENT—COSTS.

    1.   The right to appeal, if it exists, must be found in the constitution or statutes.

    2.   An order declaring a drainage district organized is not a final judgment.

    3.   The right to costs is statutory, and their allowance as a matter of course is dependent upon, and incidental to, a final judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Chas. P. McCarthy, Judge.

Petition for organization of drainage district.   District organized and petitioners filed cost bill.   From an order sustaining, in part, a motion to tax costs, petitioners appeal.   *Dismissed.*

B. F. Neal, for Appellants.

The fact that items not included in the assessment-roll by the commissioners can never otherwise be paid, makes the judgment or order organizing district, as to this proceeding, in its nature a final judgment.   (*Trustees v. Greenough*, 105 U. S. 527, 26 L. ed. 1157, 1160.)

In the present case the judgment is final as to the costs in controversy, and if they are ever paid it must be by

virtue of this appeal and an order entered thereon. (*Davie v. Davie,* 52 Ark. 224, 20 Am. St. 170, 12 S. W. 558; *Forgay v. Conrad,* 6 How. (U. S.) 201, 206, 12 L. ed. 404, 406; *Thompson v. Dean,* 7 Wall. (U. S.) 342, 19 L. ed. 94; *State v. Shall,* 23 Ark. 601; *Brush Electric Co. v. Electric Improvement Co.,* 51 Fed. 557, 2 C. C. A. 373; *Williams v. Morgan,* 111 U. S. 684, 689, 4 Sup. Ct. 638, 28 L. ed. 559; *State v. District Court,* 28 Mont. 227, 72 Pac. 613; *Sharon v. Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709; *Curtis v. Richards,* 4 Ida. 434, 95 Am. St. 134, 40 Pac. 57; *Victor Gold & S. Min. Co. v. National Bank,* 18 Utah, 87, 72 Am. St. 767, 55 Pac. 72.)

Eustace & Groome, for Respondents.

An appeal will be dismissed unless such appeal is taken from a final judgment or decree or from an order entered after final judgment. (*Grey v. Cederholm,* 2 Ida. 34, 3 Pac. 12; *Ah Kle v. McLean,* 3 Ida. 70, 26 Pac. 937; *Hodgins v. Harris,* 4 Ida. 517, 43 Pac. 72; *Bissing v. Bissing,* 19 Ida. 777, 115 Pac. 827; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674; *In re Organization of Drainage Dist. No. 1 of Ada County,* 30 Ida. 351, 164 Pac. 1018; *Athey v. Oregon Short Line R. Co.,* 30 Ida. 318, 165 Pac. 1116; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)

There are innumerable authorities holding that a judgment or order similar to the one at bar is not a final judgment or order. (*Adams v. McPherson,* 3 Ida. 117, 27 Pac. 577; *Connell v. Warren,* 3 Ida. 117, 27 Pac. 730; *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829; *Potter v. Talkington,* 5 Ida. 317, 49 Pac. 14; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Weiser Irr. Dist. v. Middle Valley Irr. etc. Co.,* 28 Ida. 548, 155 Pac. 484; *Doudell v. Shoo,* 159 Cal. 448, 114 Pac. 579; *Williams v. Field,* 2 Wis. 421, 60 Am. Dec. 426.)

Costs are only allowable upon the signing and filing of the formal final judgment. (11 Cyc. 97; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Sellick v. De Carlow,* 95

Cal. 644, 30 Pac. 795; *McDonnell v. Huffine*, 44 Mont. 411, 120 Pac. 792; *Hepworth v. Gardner*, 4 Utah, 439, 11 Pac. 566.)

The allowance of costs in any event is dependent wholly upon statute, and where there is no statute authorizing it no costs can be allowed. (*Schmelzel v. Board of Commrs. of Ada County*, 16 Ida. 32, 133 Am. St. 89, 100 Pac. 106, 17 Ann. Cas. 1226, 21 L. R. A., N. S., 199; *Steensland v. Hess*, 25 Ida. 181, 136 Pac. 1124.)

MORGAN, J.—Appellants petitioned the district judge for the organization of Drainage District No. 2 of Ada county. Objections thereto were made by certain affected land owners, including respondents. After a hearing the district was declared organized. Subsequently appellants filed a cost bill containing items, among others, of expense incurred by them preliminary to filing the petition and in preparation for the hearing thereon. Respondents objected to the allowance of certain of the items and the judge sustained, in part, their objection. Whether the amount allowed was taxed against the district or against the objectors, does not appear. This appeal is from the order disallowing certain of the items.

A motion to dismiss has been made upon the ground that the order is not appealable. The right to appeal, if it exists, must be found in the constitution or statutes. (*Evans State Bank v. Skeen*, 30 Ida. 703, 167 Pac. 1165; *State v. Grady*, 31 Ida. 272, 170 Pac. 85.) Sess. Laws 1913, chap. 16, p. 58, amended by Sess. Laws 1915, chap. 42, p. 123, known as the drainage district law, by virtue of which this proceeding was had, makes no provision for allowance of costs upon an order organizing a district, nor for an appeal with reference thereto. Appellant contends, however, that the action complained of is either a special order made after final judgment, or is itself so final as to be appealable, within the terms of Rev. Codes, sec. 4807, as amended Sess. Laws 1911, chap. 111, p. 367.

This court has decided that an order organizing a drainage district, following the first hearing on the petition therefor

is not a final judgment (*In re Organization of Drainage Dist. No. 1,* 30 Ida. 351, 164 Pac. 1018), therefore the order appealed from cannot be said to be one made after final judgment. Nor is an order taxing costs a final judgment. The right to costs is purely statutory (*Cronan v. District Court,* 15 Ida. 462, 98 Pac. 614; *Schmelzel v. Board of County Commrs.,* 16 Ida. 32, 133 Am. St. 89, 100 Pac. 106, 17 Ann. Cas. 1226, 21 L. R. A., N. S., 199; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25) and by Rev. Codes, secs. 4901 and 4903, their allowance as a matter of course is made dependent upon, and a mere incident to, a final judgment. Not only has no final judgment been made or entered herein, but there is no constitutional or statutory provision permitting the recovery of costs upon an order declaring a drainage district organized. The district may, or may not, be liable for the necessary expense preliminary to its organization. That question is not properly before us for it cannot be litigated in the manner here sought to present it.

All proceedings relative to the allowance of costs were a nullity. The appeal is dismissed. Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.