(No. 5811. November 30, 1931.)

CORA M. SILLS and BEN SILLS, Her Husband, Respondents, v. LAURA LORETTA SILLS, Now LAURA LORETTA MILLER, Appellant.

[6 Pac. (2d) 1026.]

B. H. Miller, for Appellant.

H. A. Baker, for E. H. Weaver, Reporter.

LEE, C. J.—Cora M. Sills and Ben Sills, her husband, defendants in this proceeding, sued out a writ of *habeas corpus* in the district court of Fremont county against the petitioner, Laura Loretta Miller, *née* Sills, to determine the custody, control and care of Leslie Vaughn Sills, minor son of petitioner, at the time in her custody. The court, after a hearing, made and entered its decree awarding the custody, care and control of the child to the said Cora M. Sills and commanding petitioner to deliver said minor in accordance therewith. From this decree, petitioner appealed, later securing the court's order for a reporter's transcript of the proceedings. The official court reporter, Earl H. Weaver, refused to prepare and furnish the transcript, unless paid for his services. Thereupon, petitioner instituted this proceeding, praying for an order directing said reporter to complete and lodge a reporter's transcript of said proceedings without charge to petitioner or show cause to the contrary. To the order issued, Cora M. Sills filed her answer presenting two defenses.

The issues are these: Contending that a court reporter is a state official, petitioner claims immunity from the payment of fees by reason of the declaration of C. S., sec. 3713, that "No fee or compensation of any kind must be charged or received by any officer for duties performed or services rendered in proceedings in *habeas corpus*." The defendant maintains that, the reporter not being an officer, section 3713 has no application to him, and, further, that

said section contemplates proceedings in *habeas corpus* where only individual liberty is involved and not where, as in this instance, the writ is employed ancillary to civil proceedings in equity.

That the court reporter is a state official we think is clearly recognized by C. S., sec. 6557, which, after requiring that he take the oath required to be taken by judicial officers, directs that he shall file a bond in the office of the Secretary of State and receive a salary to be paid in the same manner as the salaries of *"other* state officers." (Italics ours.) C. S., sec. 6886, generally specifying fees to be paid the reporter has no application to fees interdicted by special statute.

Neither do we consider the second proposition tenable. Under our laws, *habeas corpus* is *habeas corpus,* not, chameleon like, continually changing color to coincide with the immediate environment. No such distinctions were indicated by this court in *Andrino v. Yates,* 12 Ida. 618, 622, 87 Pac. 787, announcing:

"This is not the case of an adult appealing to the aid of *habeas corpus* to obtain his freedom from illegal restraint, but the writ in this case was granted to inquire whether the plaintiff is entitled to the custody of said minor child. The proceeding is not for the purpose of setting the child free, but to determine whether the petitioner is entitled to its custody, and the correct view or rule is that the jurisdiction of the question of the custody of a child under a writ of *habeas corpus* is of an equitable nature, and courts are given large discretion in the matter."

Petitioner is entitled to the transcript without charge; and the court reporter will be directed to proceed in accordance herewith.

Budge, Givens, Varian and McNaughton, JJ., concur.