# CENTENNIAL MILL CO. v. MARTINOV.

No. 5325.   Decided January 9, 1934.   (28 P. [2d] 602.)

*Allen T. Sanford,* of Salt Lake City, for appellant.

*Backman & Backman,* of Salt Lake City, for respondent.

STRAUP, C. J.

The Centennial Mill Company brought this action in the district court at Salt Lake City against the defendant, Martinov, on a judgment rendered in the superior court of California. The case was tried to the court who rendered judgment in favor of the plaintiff from which the defendant has prosecuted this appeal.

By the complaint, among other things, so far as here material it is alleged:

"2. That on the 10th day of January, 1930, in the Superior Court of the State of California in and for the County of Los Angeles, a judgment was duly given and made by said Court in favor of this plaintiff and against the defendant herein, in an action in said court last above named pending, wherein this plaintiff was plaintiff and Security Baking Company, a corporation, Otto Matte, and M. Martinov were defendants, said judgment against this defendant, M. Martinov, being for the sum of Fifty-four Hundred Thirty-six and 89-100 Dollars, ($5,436.89).

"3. That the Superior Court of the State of California in and for the County of Los Angeles is a Court of general jurisdiction."

It then further is alleged that the balance due and unpaid on the judgment was $4,032 for which amount, together with interest, judgment was demanded against the defendant. A general demurrer was filed to the complaint which was overruled. The defendant then answered the complaint thus:

"2. As to the allegations of the second and third paragraphs, this defendant has no information and belief, and upon that ground denies each and every allegation of the second and third paragraphs"

—the paragraphs of the complaint just referred to. Otherwise all of the allegations of the complaint were either expressly admitted or not denied. The case came on for hearing July 6, 1931. On July 27, 1931, after stating the title

of the court and cause, "Findings of Fact and Conclusions of Law," as denominated in the caption, were made and filed. It therein was stated that the case came on regularly for hearing, the parties appearing by their counsel, that evidence of the parties had been given, testimony taken and submitted to the court for its decision and the court having heard all the evidence and documentary proofs produced and duly considered the same, and being fully advised in the premises, "and it appearing therefrom to the satisfaction of the court," first, that the plaintiff was a corporation as in the complaint alleged; second, a statement of facts in language as stated in the "second" paragraph of the complaint; third, a statement in language as stated in the "third" paragraph of the complaint, that the superior court of California was a court of general jurisdiction; and the stated amount paid on the California judgment and the balance remaining due and unpaid as in the complaint alleged. Then it is recited "from the foregoing facts the court finds" that the plaintiff was entitled to judgment in the amount with interest as above stated, and as in the complaint alleged. Judgment, concerning which no complaint is made either as to form or substance, was rendered and entered on the same day. Notice thereof on that day was given the defendant and a copy of the "findings of fact and conclusions of law and judgment" served on him. On October 17, 1931, the defendant served and filed a notice of motion for a new trial of the cause on the grounds of, "1. Insufficiency of the evidence to justify the judgment. 2. Judgment is against law. 3. Errors in law occurring at the trial and excepted to by the defendant." A motion also was served and filed by the defendant October 26, 1931, to strike the cost bill and also to retax costs. Such motions, including the motion for a new trial, came on for hearing and were heard October 31, 1931, and taken under advisement. On November 2, the plaintiff served and on November 4, 1931, filed a notice of motion that the plaintiff would apply for leave to amend the findings of fact in the partic-

ular, that after the language and the court being fully advised in the premises, to substitute the words, "makes and files findings of fact and conclusions of law," instead of the words, "it appearing therefrom to the satisfaction of the court." Before the motion to amend the findings was heard and before the motion for a new trial was disposed of and while it was still pending, and before the motion to retax costs had been determined, the defendant on November 5, 1931, served, and on the next day filed, a notice of appeal, appealing from the "judgment rendered and entered" in the cause. On November 7, 1931, the court heard the motion to amend the findings and took the matter under advisement. On December 1, 1931, the court overruled the motion for a new trial and gave the plaintiff leave to amend the findings as indicated and ruled on the motion as to costs. In accordance therewith on December 7, 1931, amended findings and conclusions as indicated were served, signed, and filed upon which a judgment was entered as theretofore rendered and entered July 27, 1931.

On May 5, 1932, the plaintiff moved to dismiss the appeal taken by the defendant November 6, 1931, on the ground that the appeal was taken before the motion for a new trial was disposed of, and hence the appeal was not from a final judgment, which motion to dismiss was not opposed by the defendant, and thus the appeal accordingly was dismissed without prejudice. Then on May 25, 1932, the defendant served and filed another or second appeal from the judgment. The case is here on that appeal.

While the ruling overruling the demurrer to the complaint is assigned as error, yet not anything is said or discussed in the brief concerning it. The complaint is not so vulnerable as to be noticed sua sponte by the court without counsel pointing out some frailty or defect claimed to render the complaint insufficient to state a cause of action. Further, in view of Comp. Laws Utah 1917, § 6600, we think the complaint was sufficient. *Fillmore Commercial & Sav. Bank* v. *Kelly*, 62 Utah 514, 220 P. 1064.

The assignments of error complained of and upon which the defendant relies for a reversal of the judgment are thus stated by him:

"First, that the court was without jurisdiction after the filing of the notice of appeal, (the first appeal), to enter an order amending the alleged findings of fact, conclusions and judgment.

"Second, under the pleadings it was necessary to support a judgment to make a finding that the defendant in the California case was served with process. No such finding was made, and therefore, there could be no support for the judgment."

The point made that the court because of the first appeal was without jurisdiction to permit an amendment to the findings is untenable. In the first place, the criticism made by the defendant on his motion for a new trial, that the original findings were insufficient to support a judgment because of the language, "it appearing to the satisfaction of the court" etc., instead of reciting that "the court makes and files its findings of fact and conclusions of law," etc., thereby inducing the plaintiff to amend the findings in such particular, is hypercritical and capricious. The matters stated in the original findings were denominated and specified as "findings of fact and conclusions of law," and as such and for such purpose were so filed. In the next place the appeal taken while a motion duly made and filed for a new trial of the cause was pending and undisposed of and the appeal dismissed because it was not from a final judgment was abortive and of no more consequence than if no appeal had been attempted. The appeal thus being a nullity and the amendment to the findings permitted before the motion for a new trial was ruled on, the court under Comp. Laws Utah 1917, § 6828, had authority to allow the amendment. In the next place the amendment in substance added nothing to the original findings.

Now as to the second point wherein it is claimed that under the pleadings it was necessary to support the judgment to make an express and affirmative finding that "the de-

fendant in the California case was served with process," and that no such finding was made. It is urged that though under the statute, section 6600, supra, in ██ pleading a judgment it is not necessary to state facts conferring jurisdiction and that such judgment may be stated to have been duly given or made, yet if such allegation be controverted, the party pleading must establish, at the trial, the facts conferring jurisdiction. There is no bill of exceptions and hence no record as to what facts in such particular were adduced or established at the trial. In such case the presumption to be indulged is in favor of and in support of the judgment and not against it. But the particular claim made is that the jurisdiction of the California court to render the judgment sued on was denied, hence the Utah court in an action on the California judgment was required to affirmatively and specifically find that the defendant in the California court was served with process, without any pleading on behalf of the defendant that no process in the California court was served upon him and no appearance of any kind entered by him or that the court otherwise had not acquired jurisdiction of his person. We think the proposition not tenable. The general rule is as stated in 34 C. J. 1116, and to that effect too is our statute section 6600, supra, that:

"In suing on a judgment of another state, if the declaration shows that the court rendering it was a court of record, or a court of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or the subject matter, or to set out the facts conferring jurisdiction, as this will be presumed until disproved."

On page 1120, the author further says:

"Where, in an action on a foreign judgment, it sufficiently appears from the transcript the judgment declared on was rendered by a court of record, it will be presumed that such court was a court of general jurisdiction, had jurisdiction of the subject matter of the action and the parties thereto and rightfully gave the judgment sued on."

In 21 R. C. L. 459, it is stated:

"It is a general rule that in pleading judgments of courts of general jurisdiction, the jurisdiction of the court need not be affirmatively shown by stating the facts on which it attached, for nothing is intended to be out of the jurisdiction of a court of record but what specially appears to be so; and nothing is intended to be within the jurisdiction of an inferior court but what is specially alleged. All that is ordinarily required is that it appear that the judgment had been duly given or made or that it had been duly adjudged."

In 15 R. C. L. 947, it again is said:

"When a defendant is sued on a foreign judgment the question of jurisdiction cannot be raised by a general demurrer to the declaration, for it will be presumed that the court had jurisdiction until the contrary is shown by proof under a proper plea. The general rule is that the want of jurisdiction on the part of a court of general powers to render judgment must be pleaded by the defendant in an action on the judgment, unless the defect in jurisdiction affirmatively appears from the record, in which case objection may be taken to the admission of the record in evidence. Accordingly it has been ruled that a plea in an action on a judgment of a sister state denying the jurisdiction of the court to render it must be positive and certain averments negative every fact from which jurisdiction could be presumed. In an action on a foreign judgment, an answer is insufficient which does not allege want of jurisdiction of the person or subject matter of the controversy, but alleges simply that the judgment was renderd without jurisdiction," etc.

In Black on Judgments, vol. 2, § 838, the author says that:

"In defending against a suit on a foreign judgment on the ground of want of notice, or want of jurisdiction, the defendant must explicitly negative every fact or circumstance from which the jurisdiction of the court over his person might be inferred."

In 1 Jones' Commentaries on Evidence (2d Ed.) p. 259, § 157, it is stated that:

"A superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law are in favor of its acts, and therefore such judgments as it renders are presumed to have been within its jurisdictional powers, at all events until the contrary appears. This presumption is not limited to the subject matter of the action, but extends to the parties to the action as well. * * * The doctrine has been long since

declared in a leading case as follows: 'The rule for jurisdiction is this, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so.' And this is true even though the proceeding is under a special statute. This rule has been fully upheld by the decisions in this country, and the doctrine is well settled that, in favor of a court of general jurisdiction, it is presumed that it had jurisdiction of the person of the defendant though that fact does not appear in the record. In the absence of a bill of exceptions preserving the evidence, the appellate court presumes that every fact necessary to bring the case within the jurisdiction of the lower court and to establish a cause of action was proven and established at the trial. Moreover, the rule includes those cases where the jurisdictional facts do not appear on the record. In an attempt to impeach the judgment collaterally, it is presumed that the necessary facts existed. * * *"

In 15 Cal. Jur. 246, the author says that:

"A judgment of a court of general jurisdiction of a sister state is entitled to the same presumptions of regularity and jurisdiction as a domestic judgment. * * * The party attacking the judgment has the burden of proving lack of jurisdiction. In view of the presumptions indulged in support of the judgments of courts of record this burden requires clear and convincing proof of lack of jurisdiction."

The proposition is well put by Dixon, C. J., in the case of *Jarvis* v. *Robinson*, 21 Wis. 523, 94 Am. Dec. 560, that:

"In an action upon a judgment rendered in another state, if the complaint shows that the court by which the judgment was rendered was one of general jurisdiction, it need not allege any jurisdictional facts. If the court in fact failed to get jurisdiction to render such judgment, that fact must be pleaded by the defendant; unless it appears positively from the record, in which case objection may be taken to the reading of the record in evidence."

There being no pleading by the defendant attacking the California judgment for want of jurisdiction of the person of the defendant, and the findings of the district court rendering the judgment appealed from being in the language of the complaint as to jurisdiction, the same presumptions of the California court as to jurisdiction of the person of the defendant will be indulged from the findings as from the complaint. We are aware

that in some jurisdictions where there is a positive and specific denial of jurisdiction as to the judgment sued on of a sister state, such want of jurisdiction may be shown without a special plea. Such holdings are believed to be against the weight of authority, unless by the complaint the pleader descended to specific allegations of facts showing service of process on the defendant or his appearance in the cause wherein the judgment of a sister state was rendered. But such rule does not here help the defendant. There were no such allegations in the complaint nor were there any positive or specific denials of jurisdiction either of subject-matter or of person. Our statute, Comp. Laws Utah 1917, § 6575, provides that the answer of the defendant must contain, "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief" etc. The denial here of the defendant, as is seen, is a wholesale denial of jurisdiction for want of information and belief. It is no better than though the defendant by positive terms had generally denied that the California court was without jurisdiction, a denial of a mere conclusion. 34 C. J. 1118, § 1590; 15 R. C. L., supra. Counsel for the defendant does not dispute the proposition that if allegations of facts alleged in the complaint are presumptively within the knowledge of the defendant he must deny positively and that in such case a denial on information or belief will be treated as an evasion; that when the allegation relates to a public record or to facts of which the defendant has ready access or means of access or to personal transactions of the defendant, or acts done or omitted by him, he must know whether the averment is true or false. But in such connection it is urged that though a defendant may have ready access to a public domestic record of his residence, yet he has no such access to a public record of a court of a sister state, and hence, though the facts as to the one may presumptively be within the knowledge of the defendant or within his means of knowledge, yet as to

the other he presumptively cannot be charged with knowledge or with having ready means of knowledge. Let that be conceded when there is no allegation personally connecting the defendant with the transaction, or with any fact in connection therewith or relating thereto of which the defendant presumptively has knowledge. However, let not the particular matter in hand be overlooked. The claim made by the defendant is that the trial court was required to expressly and affirmatively find that the "defendant in the California case was served with process," a fact, which it is claimed was denied by the defendant on information and belief or included within his general denial of jurisdiction on information and belief; and because it was not so found that the defendant was served with process, it was not shown that the California court had jurisdiction to render the judgment against him. Such being the claimed ground of want of jurisdiction, the fact of whether the defendant was or was not served with process or entered his appearance or caused it to be entered in the cause, was a fact of which the defendant presumptively had knowledge, and hence could not be denied for want of information and belief, especially in the form and manner in which it was attempted to be denied, and to raise an issue with respect thereto, if it did not require a special plea, at least required a positive denial or averment of fact.

We thus are of the opinion that no issue was tendered that the California court was without jurisdiction because the defendant was not served with process, and that the denial on information and belief in manner as tendered was insufficient to raise such an issue. 49 C. J. 265; 1 Bancroft Code Pleading 600; Pomeroy's Code Remedies (5th Ed.) 874-877, §§ 531 and 532.

The judgment of the court below is affirmed with costs to the respondent.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.