201 P.2d 98

## COLE v. COLE.

### No. 7421.

Supreme Court of Idaho.

Dec. 21, 1948.

H. J. Swanson, of Pocatello, for appellant.

C. M. Jeffery, of Pocatello, for respondent. ·

BAKER, District Judge.

Harvey Cole, father of two minor children of himself and Viola G. Cole, has appealed from the order of the trial court awarding custody of the children to the mother, hereinafter referred to as the petitioner, in habeas corpus proceedings instituted by her. The decision on petitioner's motion in this court for allowance for attorney's fees and costs on appeal is reported in 68 Idaho 257, 193 P.2d 395.

On December 3, 1947, petitioner filed her petition in and addressed to the district court of Bannock County, praying that a writ of habeas corpus issue directed to appellant, hereinafter, inaccurately it will be conceded, referred to as the defendant, requiring him to produce the children at a time and place to be fixed and show cause for his detention and why the children should not be delivered to her and that by decree care and custody be restored to her.

Her claim of right to custody is based entirely upon a decree dated May 10, 1947, and order dated September 24, 1947, of the district court of Weber County, Utah, in an action instituted by her against the defendant. Her allegations with respect to the decree and order, complete except as to some of their provisions, are as follows:

"That on the 10th day of May, 1947, the District Court of Weber County, State of Utah, entered its decree of divorce in the action pending in said District Court of

Utah, which decree, among other things provided:

" '* * * That the defendant * * * is awarded the custody and control of the * * * children (named), provided, however, * * * that said children may remain with the plaintiff until the end of the present school term, at which time they shall be turned over to the defendant by the plaintiff.

" 'That at the beginning of the school term in the fall of 1947 the * * * children (named) shall be placed with the plaintiff, provided she is in a position to provide a home for said children for the entire school year * * *.

" 'That the Court shall have continuing jurisdiction of the minor children of the parties.'

"That on the application of the petitioner the Honorable Charles G. Cowley, Judge of the District Court of Weber County, State of Utah, made an Order to Show Cause, on the 24th day of September, 1947, ordering and directing the respondent (defendant) to deliver and surrender said * * * children to the petitioner, in compliance with the decree of the court, a copy of which said Order to Show Cause is marked 'Exhibit B' attached hereto and made a part of this petition."

The attached exhibit recites the provisions of the decree of May 10, 1947, as above outlined, delivery of the children to the defendant at the end of the school term in June, 1947, of service of the order to show cause, recites and finds that the plaintiff has arranged for a suitable home for the children and concludes that the plaintiff is entitled to custody in accordance with the decree and orders:

"That the defendant, Harvey Cole, be and he hereby is ordered and directed to deliver the * * * children (named) to the plaintiff and to forthwith surrender the custody of said children to the plaintiff for the period of time provided for in said decree."

The alleged demand for custody, refusal to surrender and unlawful detention by the defendant.

The petition was presented to the district judge who, from a reading of it, found that a writ of habeas corpus ought to issue and ordered that such writ be issued directed to the defendant commanding him to have the children before the court on December 9, 1947, and that he show cause for his detention. Writ was accordingly issued and served.

Defendant filed his motions to require the petitioner to furnish security for costs, as provided by Section 12-116, I.C.A., and to stay proceedings until the security was furnished, to quash the writ upon the ground of insufficient facts stated in the petition and to strike the decree and order attached to the petition as exhibits. His motions were denied.

Defendant then filed his "Plea to the Jurisdiction of the Court" in which he attacked the jurisdiction of the Utah court to make the order of September 24, 1947, by alleging that he and the children had at all times since prior to that date been citizens and residents of Franklin County, Idaho, and subject to the jurisdiction of the Idaho courts; that he, as the father of the children, had the legal right to fix their residence and domicile and that he had, before the issuance of the order to show cause, established their residence and domicile in this state; that service of the order to show cause was made in Idaho and that the Utah court was without authority to make the order of September 24, 1947.

At the same time defendant filed his return to the writ, the substance of which is hereinafter set forth. No responsive pleading was filed by petitioner.

When the matter came on for hearing and before any evidence was offered and repeatedly and upon every opportunity thereafter, counsel for the defendant directed the attention of the trial court and counsel for petitioner to the absence of exception, traverse or answer to the return and stated his position that the return was to the writ, not to the petition; that it served the purpose of the complaint in ordinary civil practice; that the issues of fact were formed by traverse and issues of law by exceptions to the return and that in this case the return stood undenied and admitted. Counsel for petitioner, just as frequently in the trial court and by his brief and oral argument in this court, stated his position that the petition was in the case for all purposes and that the defendant should answer it; that defendant could make no answer except that the Utah court was without jurisdiction or that a substantial change had taken place subsequent to the entry of decree and order and since the defendant had done neither, there was nothing for petitioner to answer. His position is clearly disclosed by his statement in the trial court that: "There would be nothing for us to deny. All we would do would (be to) go ahead and re-allege what we have in the petition as an answer." In response to question by the court, he expressed his complete satisfaction with the pleadings and his willingness to stand upon them. There was no attempt to obtain stipulation or order that the petition be treated as an answer to the return.

Defendant submitted oral proof in support of the allegations of his return. On cross-examination he testified that he and the children were residents of Ogden, Utah, at the time of the commencement of the divorce action and until after the entry of decree.

Petitioner then moved unsuccessfully for summary order directing the immediate return of the children to her. The motion was based chiefly upon the failure of the defendant in his return to deny or otherwise avoid the allegations of the petition.

Petitioner identified the parties to the divorce suit, testified that they and the children were in Utah at the time of the commencement of the action and continuously until after the entry of the original decree. Certified and authenticated copy of the decree and of the order were admitted in evidence and petitioner rested.

The trial court found that the parties and the children were residents of Utah as testified to by the parties, the entry of the decree and order, concluded that the Utah court had jurisdiction of the parties and the children and that the decree and order under the "full faith and credit clause" of the United States Constitution should be enforced. Order was accordingly entered. Defendant had unsuccessfully excepted to certain proposed findings and had requested the trial court to find on the fact of residence of defendant and the children in Idaho from May 23, 1947, and the character of the home in which the children were living and the care they were receiving.

Defendant asserts that the non-residence of petitioner entitled him under the provisions of Section 12-116, I.C.A., to security from her for the payment of such costs and charges as might be awarded against her and that the trial court erred in denying his motion and demand. The material provisions of said section are:

"When the plaintiff in an action resides out of the state * * * security for the costs and charges which may be awarded against such plaintiff may be required by the defendant.. When required, all proceedings in the action must be stayed until an undertaking * * * is filed * * *."

For the purpose of this discussion we assume that a petitioner in habeas corpus proceedings is a "plaintiff." We have concluded the defendant is not entitled to security for costs for two reasons:

■ ▬▬ First. The costs which the defendant may demand be secured are those which he, if successful, would be entitled to recover from the defeated plaintiff. The right to recover costs is not absolute; it is dependent upon statutory authorization, Cronan v. District Court, 15 Idaho 462, 98 P. 614; Schmelzel v. Board of County Commissioners, 16 Idaho 32, 100 P. 106, 21 L.R.A.,N.S., 199, 133 Am.St.Rep. 89, 17 Ann.Cas. 1226; Rhodenbaugh v. Stingel, 31 Idaho 594, 174 P. 604; 20 C.J.S., Costs, § 2, page 259, including habeas corpus proceedings, Redfield v. Davis, 42 S.D. 556, 176 N.W. 512. No provision of Chapter 43, Title 19, I.C.A., relating to Writs of Habeas Corpus authorizes recovery. Section 12-102 I.C.A., enumerates the five classes of actions and proceedings in which costs are recoverable as of right. Only subdivision 4 of that Section authorizing recovery of costs "In a special proceeding" could be said even remotely to include habeas corpus. The special proceedings referred to are the seven set forth and defined in Title 13 of the Code, writs of review, mandate and prohibition, contempt, eminent domain, change of names and arbitration.

■ Second. While the writ is a civil and not a criminal remedy despite its consideration in the Code in the title dealing with "Criminal Procedure," the requirement that a non-resident furnish security for costs would be inconsistent not only with the meager legislative enactments on the subject but also with the fundamental purpose of the writ as one of liberty. The legislature has made it plain that the remedy should readily be available to all by providing that no officer may charge or receive any fee or compensation for services rendered. Section 30-2712, I.C.A.

While the writ was originally employed to test the legality of an actual restraint and to obtain release from it if found to be illegal and in that use acquired its highly sacred character, it is now frequently used to determine the right to custody, as in this case, where the restraint is not actual or under legal process. No matter what the purpose of the writ may be, it remains habeas corpus and, although a particular use may be a departure from its original purpose, the party invoking it is entitled to all privileges which follow or adhere to the name. Sills v. Sills, 51 Idaho 299, 6 P.2d 1026. Under the decision in that case, the Section, if applicable here, would apply to a proceeding in which an indigent and friendless person, actually confined by an officer under process, seeks to question the legality of his restraint. Thus the availability of the writ as a remedy would or could be denied. These considerations and the history and purpose of the writ lead irresistibly to the conclusion that a proceeding in habeas corpus is not, and was not intended to be, within the coverage of Section 12-116, I.C.A. People ex rel. James v. Society for Prevention of Cruelty to Children, 19 Misc. 677, 44 N.Y.S. 1100.

The defendant's demand for security for costs was properly denied.

By his motions to quash the writ and to strike the exhibits, defendant presents the question of the sufficiency of the manner of pleading the Utah decree and order. Petitioner does not deny defendant's right to so move in a proceeding of this character.

We have noted that petitioner merely pleaded the entry of the decree and order. The statutes of Utah creating and fixing the jurisdiction of the district courts of that State are not pleaded. There is no allegation that the Utah court was one of general jurisdiction or had authority to hear actions for divorce and as an incident to award custody of children or that it had acquired jurisdiction over the person of the defendant or that the children whose custody it purported to adjudicate were domiciled in that State at the time of the commencement of the action or the entry of the decree or the subsequent order. Petitioner did not avail herself of the short alternative method permitted by Section 5-806, I.C.A., by stating that the judgment and order were "duly given or made," Jensen v. Berry & Ball Co., 37 Idaho 394, 216 P. 1033; State v. Grimm, 239 Mo. 340, 143 S.W. 450, Ann.

Cas. 1913B, 1189 and note; 50 C.J.S., Judgments, § 828, page 398.

To entitle a judgment of a court of a sister state to extra-territorial force, it must, of course, appear that the judgment was rendered by a court possessed of authority to hear and determine the questions it purports to adjudicate.

In Duryea v. Duryea, 46 Idaho 512, 269 P. 987, 988, also a proceeding to enforce an award of custody contained in a decree of divorce made in a sister state, this court said:

"Before a foreign judgment need be accorded recognition in a court of the forum, it must appear that the judgment was rendered by a court of competent jurisdiction."

The jurisdiction of any state court over the subject matter involved is conferred and limited by the statutes of that state. We cannot take judicial notice of the statutes of a sister state and cannot judicially know whether a particular court of another state is or is not a court of competent jurisdiction.

In pleading the judgment of another state it is necessary to allege in some acceptable manner jurisdiction of the court of the subject matter and the parties. 31 Am.Jur., p. 349; Hardin v. Hardin 168 Ind. 352, 81 N.E. 60; Midwest Piping & Supply Co. v. Thomas Spacing Machine Co., 109 Pa.Super. 571, 167 A. 636; State v. Grimm 239 Mo. 340, 143 S.W. 450, Ann.Cas.1913B, 1189 and note. We may not presume jurisdiction of the court of a sister state of subject matter and parties from the mere fact that such court has acted.

If it appears from the pleading presenting for enforcement the judgment of the court of a sister state, that the court was one of general jurisdiction, it will be presumed, until the contrary appears, that the court had jurisdiction of the subject matter and the parties, 50 C.J.S., Judgments, § 880, page 457; 34 C.J. 1116; 31 Am.Jur. 349. In the complaint in Centennial Mill Co. v. Martinov, 83 Utah 391, 28 P.2d 602, 603, an action to enforce in Utah a judgment rendered by a superior court of the State of California, it was alleged that the judgment, particularly described, was "duly given and made" and "That the Superior Court of the State of California in and for the County of Los Angeles is a Court of general jurisdiction." The court held that such allegations warranted the presumption of jurisdiction of the court over cause and parties and were sufficient as against general demurrer. Similar allegations are not found in the petition in this case.

Where custody of children is fixed by a decree of divorce, domicile of the children is an additional consideration affecting jurisdiction. In Duryea v. Duryea, supra, this court held that a court is without right in a divorce suit to award custody of the children of the parties then domiciled in another state and that in a subsequent controversy between the same parties in the state of the children's domicile, the decree

would be accorded no extraterritorial effect; that all questions affecting the right to custody would be investigated anew despite the appearance of the parties in the former suit and the litigation by them of their respective claims to custody.

■ The petition fails properly to plead the jurisdiction of the Utah court. State v. Grimm, supra; Hardin v. Hardin, supra. The petition amounts to a request to the judge that he cause to be initiated, without delay and without notice, Section 19-4304, I.C.A., a proceeding in which issues will be independently framed to determine the fact and character of the restraint. The petition may be informal, 39 C.J.S., Habeas Corpus, § 80, page 626; Stuart v. State, 36 Ariz. 28, 282 P. 276. The sufficiency of the manner employed to state the facts upon which the applicant relies is for decision solely by the judge to whom the petition is presented, Jensen v. Sevy, 103 Utah 220, 134 P.2d 1081. When the writ has been issued, the petition has fully served its purpose. It is not one of the pleadings by which the issues between the parties are fixed. Allen v. Williams, 31 Idaho 309, 171 P. 493; State v. Olsen, 53 Idaho 546, 26 P.2d 127; Jensen v. Sevy, supra; 39 C.J.S., Habeas Corpus, § 85, page 648; Ex Parte Gutierrez, 1 Cal.App. 281, 36 P.2d 712.

■ The respondent may, by motion to quash, avail himself of facts appearing in the petition sufficient to preclude the issuance of the writ, State v. Utecht, 221 Minn. 145, 21 N.W.2d 328; 39 C.J.S., Habeas Corpus, § 86, page 648, but the petition is not subject to the variety of attacks as to form which may be directed against pleadings tendering or forming triable issues. Chase v. State, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271; Jensen v. Sevy, supra; Addis v. Applegate, 171 Iowa 150, 154 N.W. 168, Ann.Cas.1917E, 332.

■ The facts pleaded, albeit defectively, were sufficient to authorize issuance of the writ and defendant's motions were properly denied.

In support of his plea to the jurisdiction, the defendant contends that because he and the children were domiciled in Idaho on September 24, 1947, the courts of this state had exclusive jurisdiction. While this court held in Duryea v. Duryea, supra, that jurisdiction over children was essential to the right to award their custody in a divorce suit between parents, we have not had occasion to decide the question of the right of a court to modify a divorce decree as to custody when the children have, between the date of the decree and the date of modification, acquired a domicile in another state. We note the conflict in the decisions of the courts of other states on that question. Many decisions recognize the right, by modification of decree, to control custody of children then non-residents, while other decisions are to the effect that jurisdiction over children terminates when they cease to be domiciled in the state; that the courts of their domicile have exclusive right to control custody and are not obliged to give

an order of modification, entered after the departure of the children, extraterritorial effect. Notes: 20 A.L.R. 815; 70 A.L.R. 526; 72 A.L.R. 448; 116 A.L.R. 1305; 160 A.L.R. 407.

We have concluded the question is not involved in this case and, for the purpose of this discussion, assume that the Utah court had complete jurisdiction. The parties and the children were all residents of Utah at the time the decree was entered. Petitioner was awarded the custody of the children "at the beginning of the school term in the fall of 1947" upon the condition that she then be "in a position to provide a home for said children for the entire school year." Jurisdiction was expressly retained. The award was provisional or conditional. By the order of September 24, 1947, the court recited the condition attached to that award and expressly found it had been performed and ordered that the defendant "forthwith surrender the custody of said children to the plaintiff for the period of time provided for in said decree." The order was not a modification of the original decree; it was not made in a new proceeding in an old suit, but was a decision of a question expressly reserved for later consideration, a determination that plaintiff in that suit, petitioner herein, had performed the condition upon which the award was made and that the award made by the decree had become final and as of the date of the decree. The Utah court so regarded it.

We have been cited to and have found no precedent for the proposition that the jurisdiction of the Utah court was, under the circumstances, dependent upon the continued residence of the children in that state or the acquisition of a new jurisdiction of the person of the defendant by service of notice in Utah.

Still assuming jurisdiction, the Utah decree is a conclusive adjudication of all questions affecting the right to custody to its date. It is not an adjudication in futuro, it is conclusive only to its date. It may be modified by the same or another court possessing jurisdiction when circumstances require. Thus it will be accorded the same but no greater weight than like adjudications of the courts of this state. Duryea v. Duryea, supra. The plea to the jurisdiction was properly overruled.

The final procedural issue between the parties relates to the offices of petition and return in habeas corpus proceedings and the effect of the failure of the defendant to answer the petition and of the failure of the petitioner to except to, traverse or otherwise answer the return.

Section 19-4302, I.C.A., provides that the verified petition of the applicant shall set forth, among other things, in what the illegality of the alleged restraint consists. In this case the restraint of the children is said to be illegal because the defendant retained custody in defiance of unmodified award to petitioner. It appeared to the judge to whom the petition was presented, Section 19-4304, I.C.A., that the writ ought to issue. Accordingly a writ was issued, agreeable to Section 19-4305, I.C.A., ad-

dressed to the defendant and requiring him to produce the children at a time and place named and also requiring him "to have then and there this writ and your return annexed thereto." Under Section 19-4307, I.C.A., the defendant, if he had refused to obey the writ, would have been liable to commitment in jail "until he made due return to the writ." Section 19-4308, I.C.A., sets forth the requirements of the return. It must be verified and in it must be stated, among other things, whether the party making it has the person in his custody or under his power of restraint and, if so, the authority and cause of restraint. There is no requirement that the petition be answered, nothing requiring him to admit, deny or otherwise avoid its allegations.

The defendant made his return in which he says he has the children in his custody. He alleges that his restraint is not illegal; that the authority of his control is that he is their father and has full right to custody; that he and they are residents of Idaho; that the children have a good, comfortable home, are well clothed, are in good health and are receiving the best of care; that the minor of school age is attending school and that he, as father, is ready, willing and able to care for them and to supply their needs. If he is not required to answer the petition, it is difficult to see what he could have said to support a stronger claim to custody.

Section 19-4312, I.C.A., provides that the petitioner "may deny or controvert any of the material facts or matters set forth in the return, or except to the sufficiency thereof, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge." In the answer to the return petitioner may re-allege, to show that his detention is unlawful, the same facts pleaded in his petition to disclose the illegality of the restraint. As a matter of practice, the petition is, in such cases by stipulation and order, deemed and treated as the answer to the return. Thus, the issues are formed.

In Allen v. Williams, 31 Idaho 309, 171 P. 493, upon which counsel for defendant relied and to which he frequently referred in the trial court, this court quoted with approval from the case of Ex Parte Collins, 151 Cal. 340, 90 P. 827, 91 P. 397, 129 Am.St.Rep. 122, in part as follows [31 Idaho 309, 171 P. 495]:

" 'The function of the petition is to secure the issuance of the writ, and, when the writ is issued, the petition has accomplished its purpose. The writ requires a return * * *. To such return the petitioner may present exceptions, raising questions of law, or a traverse, raising issues of fact or both. * * * This course [treating, by agreement of the parties and with the consent of the court, the petition as a traverse to the return] has frequently been followed in this court; but, where it is followed it does not require the respondent to file, in addition to the return, a pleading, specifically denying the affirmative allegations of the petition,

574

treated as a traverse, nor does it shift the burden of proof as to such allegations from the petitioner to the respondent. To adopt the analogy of pleading in civil actions, the return is the complaint, and the traverse is the answer; * * *.'"

The purpose of the petition was restated in the same language in State v. Olsen, 53 Idaho 546, 26 P.2d 127. To the same effect are: Jensen v. Sevy, supra; 39 C.J.S., Habeas Corpus, § 80, page 625; 39 C.J.S., Habeas Corpus, § 99, page 666.

The record justifies the inference that the trial judge was not in disagreement. He proceeded with the hearing only by reason of the insistence of counsel for petitioner.

The order is reversed and the cause is remanded with instructions to permit petitioner to answer the return and thereafter to proceed in manner provided by law. No costs allowed.

GIVENS, C. J., and HOLDEN and HYATT, JJ., concur.