362 P.2d 884

Doris Irene SCHMITT, Plaintiff-Appellant and Cross-Respondent,

v.

James J. SCHMITT, Defendant-Respondent and Cross-Appellant.

No. 8959.

Supreme Court of Idaho.

June 7, 1961.

Anderson, Kaufman & Anderson, Boise,
Bird & Hobdey, Gooding, for appellant.

Parry, Robertson & Daly, Twin Falls,
for respondent.

SMITH, Justice.

Appellant, by her action commenced during March 1960 in the district court in Gooding county, seeks the custody and control of the two minor children of the parties, the children having been previously awarded to respondent by a decree of the Superior Court of the Fourth Judicial District of the State of Alaska in its Civil Case No. 10663. The district court sustained respondent's motion to dismiss

appellant's complaint · without leave to amend and entered judgment of dismissal.

Appellant appealed from the judgment, assigning as error the trial court's ruling that the complaint fails to state a claim upon which relief can be granted, and in dismissing the complaint without leave to amend.

Respondent cross-appealed from the judgment, assigning as error the trial court's denial of respondent's motion to dismiss, on the ground, as respondent asserts, that as appears on the face of appellant's complaint, the court lacks jurisdiction of the subject matter in that there is another action pending between the same parties for the same cause (referring to the action in the Alaska Superior Court wherein respondent was granted the custody of the children).

Respondent moved this Court to dismiss appellant's appeal on the ground that she had waived and abandoned her right to appeal from the trial court's judgment of dismissal. In support of his motion to dismiss the appeal, respondent contends that, after the trial court granted respondent's motion to dismiss the complaint, appellant invoked the jurisdiction of the Alaska Superior Court by filing therein her motion for an order modifying the decree under which that court had awarded the sole custody and control of the minor children to respondent with reasonable rights of visitation to appellant; and that such court granted appellant temporary relief by allowing the children to visit her in Boise, Idaho, during the month of August 1960, and then continued the motion; and that thereafter on September 8, 1960, appellant filed her notice of appeal herein from the trial court's order of dismissal.

At the outset it must be borne in mind that appellant's district court action instituted in Gooding county relates to the custody of the children, independent of the previous action in the Alaska Court and its decree entered October 28, 1959. Appellant's complaint is based upon a general allegation of changed conditions and circumstances occurring after entry of the Alaska decree and upon the basic premise that the interests and welfare of the children would best be served by awarding their custody to appellant, with reasonable visitation privileges accorded respondent.

In Civil Case No. 10663 in the Alaska Superior Court it appears that on October 28, 1959, that court, in addition to dissolving the bonds of matrimony between the parties, decreed that respondent, the father, have the sole care and custody of the two minor children, subject to "reasonable right of visitation" by the mother, appellant herein; that on July 27, 1960, appellant filed in the Alaska case her "Motion For Order ·Amending Judgment

and Decree" in which she sets out that the decree entered October 28, 1959, awarded the care and custody of the children to respondent father, subject to appellant mother's right of visitation; that the children reside at Fairbanks, Alaska, with the father, who refused to permit the children to visit appellant mother at her place of residence in Boise, Idaho, although she offered to defray all visitation expenses of the children. Appellant then alleges that for such reasons she was being deprived of her reasonable right of visitation of her children; that she desired the children to visit her at her place of residence in Boise for the remainder of the month of July and the month of August, 1960, and until the next school term opened at Fairbanks, Alaska; and she prayed that the decree be amended to provide that she be allowed to visit the children and to have the children visit her at reasonable times and for varying lengths of time. The Alaska court on August 4, 1960, upon receipt of assurance that appellant would return the children to Fairbanks prior to the commencement of the school term, entered an order allowing the children to visit appellant in Boise, Idaho, for the period from the date of the order until commencement of the 1960 school term in Fairbanks, the cost of the children's transportation to be borne by appellant, and then continued appellant's motion.

The record shows that dispute arose between the parties as to the meaning of appellant mother's "reasonable right of visitation" with her children; that she interpreted such right to include the right to visit the children and to have them visit her for reasonable times and lengths of time; and that respondent's refusal to permit visitation of the children with appellant at her Boise, Idaho, residence, during a portion of the 1960 summer school vacation, precipitated appellant's application for a court order allowing such visitation, as well as clarifying her "reasonable right of visitation" accorded by the original decree.

■ We are unable to accede to respondent's position that the action of appellant in seeking this visitation of her children and clarification of her right of visitation, in the Alaska Superior Court action, constituted any acquiescence of appellant in the Gooding county district court judgment, or that she waived or abandoned her right of appeal from that judgment. This is true simply because appellant, in the Alaska Court action, seeks clarification only of her visitation rights; and noteworthy, the decree in that case has not been modified in any proceeding that can be classified as seeking modification.

Appellant in her complaint, filed in the Gooding county district court, alleges that both she and her minor children are residing in and residents of the State of

Idaho; she alleges the decree rendered October 28, 1959, by the Superior Court in Alaska, whereby the marriage of appellant and respondent was dissolved, and that respondent, the father, was awarded the sole care and custody of the minor children subject to appellant's reasonable right of visitation. She then alleges that since the entry of the Alaska Court decree, conditions have substantially and materially changed,—alleging certain factual situations,—which make it necessary and advisable that the care, custody and control of the children be awarded to her, with reasonable visitation privileges accorded respondent, to the end that the best interests and welfare of the minor children may be served.

Cole v. Cole, 68 Idaho 561, 201 P.2d 98, 105, presents a case analogous to the situation here. In the Cole case divorce was obtained in the State of Utah; later the mother of the children commenced habeas corpus proceedings in Idaho to require defendant father to produce the children to the end that she, the mother, be awarded custody of the children. Between the date of the divorce in Utah and the time of commencement of the habeas corpus proceedings in Idaho, the Utah court entered an order determining that the mother in Idaho has been able to provide a home for the children and thereupon ordered that the defendant father "forthwith surrender the custody of said children for the entire school year and that they remain in her custody until the end of the school term and then be placed with the defendant father," and then ordered the father forthwith to surrender the custody of the children to the mother for the period of time provided for in the order. In considering whether such order was one of modification, this Court said:

"The order was not a *modification* of the original decree; it was not made in a new proceeding in an old suit, but was a decision of a question expressly reserved for later consideration, a determination that plaintiff in that suit, petitioner herein, had performed the condition upon which the award was made." (Emphasis supplied.)

And referring to the Utah decree as it related to the custody of the children, this Court stated:

"The Utah decree is a conclusive adjudication of all questions affecting the right to custody to its date. It is not an adjudication in futuro, it is conclusive only to its date. It may be modified by the same or another court possessing jurisdiction when circumstances require. Thus it will be accorded the same but not greater weight than like adjudications of the courts of this state. * * * The plea to the jurisdiction was properly overruled."

Clearly the right to the child visitation accorded appellant by the Alaska Court existed by virtue of her "reasonable right of visitation" theretofore decreed in her favor under the original Alaska decree; and such visitation and the clarification by her sought in that proceeding, cannot be construed as any benefit in addition to the rights accorded her under that decree.

In Phillips v. Phillips, 190 Okl. 617, 126 P.2d 254, the Oklahoma Supreme Court ruled that an appeal by a former wife from a judgment modifying a divorce decree would not be dismissed on the ground that former wife accepted benefits of an adverse judgment, since she accepted the benefits under the original decree and not under the judgment modifying the decree. That case supports appellant's position herein, that even though the visitation of her children, and an interpretation of her "reasonable right of visitation" might possibly be considered as a benefit, such benefit accrues to her under and by virtue of the original decree of the Alaska Court.

■ The welfare and best interests of the minor children are the matters of paramount importance to be considered by the court in determining their custody. Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Application of

Altmiller, 76 Idaho 521, 285 P.2d 1064; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437; Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243.

■ The jurisdiction of the courts of this state may be invoked where the welfare of children is at issue, even though their domicile in this state be temporary. Application of Paul, 78 Idaho 370, 304 P.2d 641; Application of Anderson, 79 Idaho 68, 310 P.2d 783.

Appellant's complaint shows on its face that when she commenced her action in the Gooding county district court, she and the children were residing in and were residents of the State of Idaho. The children being within this state, even though temporarily, "the question becomes one not of jurisdiction but as to whether that jurisdiction should be exercised and, if so, to what extent." Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266, 270; continuing in that case, this Court further stated:

"The trial court should have entertained the cause for the purpose of determining first, whether it would exercise its jurisdiction at all—that is, *whether the welfare of the child required it to act*—and second, if it determined that the circumstances required it to act, whether it should undertake to decree the custody per-

manently or on a temporary basis. (Citations.)." (Emphasis supplied.)

This Court then concluded that the district court had jurisdiction to hear and determine the cause of action alleged in the complaint relating to the custody of the minor child; and continuing further, said: "we consider the better view is that taken by other courts to the effect that if the child is actually within the state, its courts may determine his custody, although his legal domicil is elsewhere. (Citations.)."

We therefore conclude:

■ That respondent's cross-appeal and his assignment of error that the trial court lacked jurisdiction of the subject matter is without merit; also that the trial court erred in dismissing appellant's complaint without leave to amend.

We therefore hold:

That respondent's motion to dismiss the appeal is denied;

That appellant's complaint is reinstated, and she is accorded the right to amend;

That the judgment of dismissal is reversed.

The cause is remanded with instructions to proceed in accordance with the views herein expressed.

Costs to appellant.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.