927 P.2d 917

**Rebecca Lynn DYMITRO, Plaintiff–Appellant,**

v.

**Frank DYMITRO, Defendant– Respondent.**

No. 22832.

Court of Appeals of Idaho.

Nov. 5, 1996.

Petition for Review Denied Dec. 31, 1996.

Stephen B. McCrea, Coeur d'Alene, for appellant.

Clayton G. Andersen, Coeur d'Alene, for respondent.

PERRY, Judge.

In this case we are asked to review the district court's order affirming the magistrate's award of child custody. We affirm.

## I.

### FACTS AND PROCEDURE

Rebecca and Frank Dymitro lived in Coeur d'Alene with their son, Nicholas. On June 2, 1994, Rebecca left Idaho, took Nicholas and moved to Ohio. Rebecca filed for divorce in Idaho on June 27, 1994. Rebecca did not personally contact Frank until July 25, 1994. At that time the Dymitros initiated telephone contact, and Frank sent a videotape of himself reading children's stories to Nicholas in Ohio. Frank did not see Nicholas again, however, until visitation was ordered by the magistrate pending a final custody award.

In February and March 1995, the magistrate conducted a five-day trial, hearing evidence and argument regarding the parties' divorce. On April 10, 1995, the magistrate announced oral findings of fact and conclusions of law. On May 24, 1995, an amended decree of divorce was entered, consolidating a prior partial decree and incorporating the findings of fact and conclusions of law from April 10, 1995.

The magistrate awarded joint legal custody of Nicholas to Frank and Rebecca. Frank was awarded primary residential custody, however, and Rebecca was granted specified visitation rights. Rebecca appealed to the district court, which affirmed the custody award. Rebecca now appeals the order of the district court.

## II.

### ANALYSIS

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993); *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The care, custody and education of minor children are committed to the sound discretion of the trial court and, in the absence of a clear abuse of discretion, the

court's judgment will not be disturbed on appeal. *Osteraas v. Osteraas,* 124 Idaho 350, 352, 859 P.2d 948, 950 (1993). When reviewing an exercise of discretion we inquire: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Id.; Liebelt v. Liebelt,* 125 Idaho 302, 305, 870 P.2d 9, 12 (Ct.App. 1994). An abuse of discretion will be found if the evidence in the record is insufficient to support the trial court's conclusion that the interests and welfare of the children involved will be best served by a particular custody award. *Biggers v. Biggers,* 103 Idaho 550, 555, 650 P.2d 692, 697 (1982); *Moye v. Moye,* 102 Idaho 170, 172, 627 P.2d 799, 801 (1981).

■ In awarding custody, the welfare and best interests of children are of paramount importance, and the court is required to provide for them as it deems necessary or proper to achieve this end. *Schmitt v. Schmitt,* 83 Idaho 300, 305, 362 P.2d 884, 887 (1961); *Miller v. Mangus,* 126 Idaho 876, 878, 893 P.2d 823, 825 (Ct.App.1995). *See also* I.C. § 32–717. Idaho Code Section 32–717 provides a non-exhaustive list of factors for the trial court to consider in determining what is in the best interest of a child. Included in that list are: the wishes of the child; the wishes of the parents; the interaction between the child with the parents and siblings; the child's adjustment to his or her home, school and community; the mental and physical health and integrity of all individuals involved; the need to promote continuity and stability in the life of the child; and the presence of domestic violence. I.C. § 32–717. The trial court must avoid considering irrelevant factors, *Roeh v. Roeh,* 113 Idaho 557, 558, 746 P.2d 1016, 1017 (Ct.App.1987); avoid assigning too much weight to any particular factor, *Moye,* 102 Idaho at 172, 627 P.2d at 801; and base its findings of fact upon substantial and competent evidence, *Osteraas,* 124 Idaho at 352–53, 859 P.2d at 950–51.

Rebecca argues on appeal that the magistrate's award of custody to Frank was an abuse of discretion. Her argument is two-part: (1) the magistrate failed to consider evidence of Frank's personality flaws, which she claims indicate that she would be a better parent, and thereby failed to provide for Nicholas's best interests; and (2) the magistrate considered a factor not listed in I.C. § 32–717, specifically, Rebecca's unilateral removal of Nicholas from Idaho. Frank responds that the magistrate properly considered the evidence and determined that Frank would better serve Nicholas's needs. Frank notes that removal of a child from the domicile state is against the stated purpose of the Uniform Child Custody Jurisdiction Act. *See* I.C. § 32–1101(5). Frank also emphasizes the "all relevant factors" language in I.C. § 32–717. Rebecca views the magistrate's consideration of her unannounced departure from Idaho as punitive. She argues the magistrate punished her for removing Nicholas and herself from the state, rather than focusing on what would be in the best interests of the child, in awarding primary residential custody to Frank.

■ We agree that the magistrate's findings of fact and conclusions of law should have included a more thorough discussion of why it viewed Rebecca's removal of the child from this state as particularly relevant to its analysis of the child's best interests. Written factual findings and conclusions would be of assistance for our review in such a situation and are encouraged. However, from the record before us, we determine that no abuse of discretion occurred in this case.

The magistrate perceived the issue as one of discretion, correctly identified I.C. § 32–717 as the guiding legal standard and addressed each of the considerations listed in that provision. The magistrate carefully reviewed the evidence presented over the course of the five-day trial, including the testimony of the parties and the expert witnesses. The magistrate considered Rebecca's claims that Frank had problems with anger management, alcohol and drugs. The magistrate determined that neither parent was unfit, finding that Rebecca had overstated Frank's use of marijuana and the violent nature of his temper. The magistrate found that Frank and Rebecca were both involved in providing care for Nicholas, both wished to have custody, and both lived in an environment where Nicholas seemed to do well. The magistrate noted, as factors in awarding custody, Frank's significant sincerity in wishing to have custody and the lengths to which he had gone to improve his parenting skills.

■ The magistrate also determined that Rebecca's actions in unilaterally removing Nicholas from Idaho demonstrated that Frank may be more suited to have primary residential custody. There are legitimate non-punitive goals related to the magistrate's consideration of this issue. In *Miller*, the magistrate considered the fact that the father would honor the mother's bond to the child, as well as her right to have contact, whereas the mother may not comply with the father's right to have contact. *Miller*, 126 Idaho at 880, 893 P.2d at 827. Here, Rebecca's actions clearly substantiate a fear that she would not foster a relationship between Nicholas and his father.

The magistrate's attention to this issue is also, implicitly, part of the consideration of the integrity of all individuals involved in the proceeding. I.C. § 32–717(5). Rebecca's actions in removing her son from Idaho and, in the magistrate's evaluation, holding him hostage, reflected badly on her overall integrity, as did lying about the reasons she left the state. The magistrate determined that Rebecca had exaggerated the degree to which Frank had a violent temper in an attempt to justify her removal of the child from the state. In considering this issue, along with the factors set out in I.C. § 32–717, the magistrate did not abuse its discretion.

■ The magistrate's factual findings are supported by substantial evidence in the record. If the trial court's factual finding are

supported by substantial, though conflicting, evidence in the record, they must be accepted on appeal. *Jensen v. Jensen*, 124 Idaho 162, 164, 857 P.2d 641, 643 (Ct.App.1993). The trier of fact is in a unique position to make determinations of credibility and to discern the import of the testimony. *Miller*, 126 Idaho at 880, 893 P.2d at 827. The question is not whether this Court would have awarded custody in the manner that the magistrate did, but rather, whether the award was an abuse of discretion. *Osteraas*, 124 Idaho at 352, 859 P.2d at 950. In light of the record before us, we are unable to say that the magistrate's primary residential custody award was an abuse of discretion.

## III.

### CONCLUSION

The district court's order affirming the magistrate's award of custody is affirmed. Costs, but not attorney fees, are awarded to the respondent, Frank Dymitro.

WALTERS, C.J. and LANSING, J., concur.